No. 85-11

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

JOHN R. BAKER, d/b/a J.R.
BAKER CONSTRUCTION,

          Plaintiff and Appellant,

  -vs-

STATE OF MONTANA, MONTANA STATE BOARD
OF EXAMINERS, GOVERNOR TED SCHWINDEN,
SECRETARY OF STATE JIM WALTERMIRE, and
ATTORNEY GENERAL MICHAEL T. GREELY, as
members thereof, and MORRIS BRUSETT,
Director of the Department of Adminis-
tration,

          Defendants and Respondents.

APPEAL FROM: District Court of the First Judicial District,
             In and for the County of Lewis & Clark,
             The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Larry W. Moran, Bozeman, Montana

    For Respondents:

        Allen Chronister, Asst. Attorney General, Helena,
        Montana

Submitted on Briefs: April 4, 1985

Decided: October 9, 1985

Filed: OCT 9 1985

*Ethel M. Harrison*

—————————————————————————
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order entered in the District Court of the First Judicial District, in and for the County of Lewis and Clark, dismissing the appellant's complaint for failure to state a claim. The suit was dismissed on the ground that plaintiff lacked standing to sue. This appeal raises important questions concerning standing, and the statutes regulating acceptance of bids and award of public works contracts.

The transaction involved resulted from the issuance by the State of Montana, Division of Architecture and Engineering of an invitation for bids for the construction of the National Guard Armory in Harlowton, Montana. Bids were received on January 18, 1984. J. R. Baker Construction, hereinafter Baker, submitted a bid for $420,740 and Edsall Construction Company, hereinafter Edsall, submitted a bid for $420,300, a difference of $440. Baker protested Edsall's bid on the allegation that Edsall was working beyond the contract time on another public works project and was therefore ineligible to bid on a public project by virtue of section 18-2-311, MCA and section 37-71-203, MCA. A hearing was held before the Board of Examiners on March 13, 1984. The Board of Examiners denied the protest and awarded the bid to Edsall as the low bidder.

In District Court Baker sought to have the action of the State in granting the bid to Edsall declared illegal as a violation of section 18-2-311, MCA and section 37-71-203, MCA. Baker further requested that the District Court determine that Baker was the lowest responsible bidder and was entitled to the award of the contract. Baker sought

2

recovery for lost profits, bidding costs, litigation costs and attorney's fees. Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. The District Court granted the motion. It is from that order that Baker appeals.

The decisive issue in this appeal is whether Baker lacked standing to bring this action.

The statute governing the award of construction contracts provides:

> "(1) For the construction of a building costing more than $25,000, the department of administration shall:
>
> ". . .
>
> "(c) . . . under the supervision and with the approval of the board of examiners, solicit, accept, and reject bids and award all contracts <u>to the lowest qualified bidder</u> considering conformity with specifications and terms and reasonableness of bid amount." Section 18-2-103(c), MCA. (Emphasis added.)

The statutes further state that:

> ". . . A public contractor, as defined in 37-71-101, who has been awarded a contract by the state of Montana or any board, commission, or department thereof or by any board of county commissioners or by any city or town council or agency thereof for the construction or reconstruction of a public work and is working beyond the contract time (including any authorized time extensions) shall not submit any additional bids or proposals or enter into any additional contract with any public agency of the state of Montana, county, or city thereof until he has completely executed the contract upon which he is working beyond contract time and all supplemental agreements thereto.
>
> ". . . A public contractor shall not be considered to be working beyond contract time if the delay is caused by an accident or casualty produced by physical cause which is not preventable by human foresight, i.e., any of the misadventures

termed an 'act of God.'" Sections 18-2-311 and 18-2-312, MCA.

Section 37-71-203, MCA provides:

> ". . . All bids and proposals for the construction of any public contract project subject to the provisions of this chapter shall contain a statement showing that the bidder or contractor is duly and regularly licensed hereunder and is not presently working beyond the contract time, including authorized time extensions, on any previously awarded public contract project. The number and class of such license then held by such public contractor shall appear upon such bid or proposal, and no contract shall be awarded to any contractor unless he is the holder of a license in the class within which the value of the project shall fall as herein provided and unless the public contractor has completely executed any previous contract upon which he has worked beyond contract time."

Baker asserts that government agencies must abide by the bidding statutes and where a violation of a statute or regulation gives an advantage to one bidder the courts should allow the aggrieved bidder a right of recovery. Baker further maintains that by inviting offers, and representing that they will be considered pursuant to the competitive bidding statutes, an implied contract exists between the government and the bidders that the government will consider bids fairly and honestly within the statutory procedures.

Baker cannot base his plea for relief on contract theory. It is a well founded principle of contract law that a contract does not exist prior to the acceptance of a bid by an agency:

> "[A]n ordinary advertisement for bids or tenders is not itself an offer but the bid or tender is an offer which creates no right until accepted. Even though the charter of a municipality expressly requires that a contract shall be awarded to the lowest responsible bidder, a contract is not formed until the lowest

bid is in fact accepted." 1 <u>Williston</u> <u>on</u>
<u>Contracts</u>, §31 (3rd. Ed. 1957).

Courts from our sister jurisdictions have likewise held:

> ". . . in Alaska, as elsewhere, an agency's solicitation of bids is not an offer, but rather a request for offers; no contractual rights based on the content of a bid arise prior to its acceptance by the agency. Beirne v. Alaska State Housing Authority, 454 P.2d 262, 264 (Alaska 1969)." King v. Alaska State Housing Authority (Alaska 1981) 633 P.2d 256 at 261.

See also Gulf Oil Corp. v. Clark Cty. (Nev. 1978), 575 P.2d 1332.

This authority is most persuasive when read in conjunction with the language of this state's bidding statutes. The department was under a statutory obligation to accept the lowest responsible bidder. The Department's solicitation of bids was not an offer. Nor was Baker's response to the solicitation an offer. Because the Department rejected Baker's bid, no contract ever came into existence. As a result, recovery based upon contract theory cannot be had.

The policy behind the bidding statute also precludes any finding of standing for Baker to bring the action. The statute's primary function is to benefit the citizens. This premise is stated in 72 C.J.S., supplement, Public Contracts §8 (1975):

> "Competitive bidding statutes are primarily intended for the benefit of the public rather than for the benefit or enrichment of bidders, and consideration of advantages or disadvantages to bidders must be secondary to the general welfare of the public . . . "

There are two views expressed as to whether such a person or entity has standing to request the judicial award of the

5

contract or seek damages from the department. In the federal arena, the Circuit Court of Appeals has held that a disappointed bidder has standing under the Administration Procedures Act, 5 U.S.C. §702, which provides, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Scanwell Laboratories, Inc. v. Shaffer (D.C.Cir. 1970), 424 F.2d 859. This jurisdiction has adopted the view that there is no such standing and it was so expressed in Stuewe v. Hindson (1912), 44 Mont. 429, 120 P. 485, in ruling that no mandamus remedy is available to the unsuccessful bidder.

> "There was not any contractual relation existing between him and the board, and his status as an unsuccessful bidder does not make him a party beneficially interested . . . The advertisement for bids is not an offer which by acceptance constitutes a contract. It is merely an invitation to every bidder to make an offer, which the board may accept, and a contract result; but a party whose offer is not accepted cannot complain or invoke the aid of the courts to compel the board to accept his offer . . . the provision of law _for letting contracts of this character to the lowest bidder is for the benefit of the public, and does not confer any right upon the lowest bidder as such_." (Emphasis added.)

The court noted the only standing which Stuewe had in the courts was as a taxpayer, and not as an unsuccessful bidder. In the present matter, Baker failed to allege in District Court and on appeal standing as a taxpayer.

The trial court found appellant did not have standing under either of the statutes cited in his complaint (§ 18-2-311, MCA or § 37-71-203, MCA). He noted that these two statutes were not made for the benefit of competing or losing contractors. They were made for the public and do not

6

provide the losing bidder with standing. As previously noted, a taxpayer may have standing if he can show he has been hurt, but in this case appellant failed to allege he was a taxpayer. Stuewe v. Hindson (1912), 44 Mont. 429, 120 P. 485.

Baker argues that the language of the Montana Administrative Procedure Act is similar to the federal Administrative Procedure Act. Our Act is not the equivalent of the federal Act. Section 2-4-702, MCA, requires a person to have exhausted all administrative remedies before being entitled to judicial review. Here, Baker did not attempt to allege the requirements for judicial review. Most important, the complaint was not filed within 30 days of the decision of the agency as required under § 2-4-702(2), MCA. The complaint here was filed three months after the final decision. Accordingly, Baker is not entitled to judicial review under the Montana Administrative Procedure Act.

In addition, we have held that the discretion of the agency to award public work contracts to the lowest bidder is not subject to judicial review under normal circumstances. Sletten Construction Co. v. City of Great Falls (1973), 163 Mont. 307, 516 P.2d 1149; Koich v. Cvar (1941), 111 Mont. 463, 110 P.2d 964. We will not make a contract for the parties. Nor is this Court prepared to venture that Baker would have been awarded the contract if Edsall was not the successful bidder. In the absence of any showing of bad faith, fraud, or corruption of the Department, the exercise of discretion will not be disturbed. See, Koich, supra.

Baker's bid was not accepted by the Department. As a result, no contractual relationship arose. Baker has presented no argument upon which a bad faith claim could be based. Nor was there any proof that the Department was acting in bad faith. The Department only secured the best

7

product at the lowest price for the benefit of the taxpayers, not the bidder. While appellant has standing, his laches prevent his being awarded the contract.

Accordingly, the judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Justice Frank B. Morrison, Jr., specially concurring:

I agree with the result in this case. Plaintiff has not stated a claim for relief entitling plaintiff to damages.

Plaintiff should have sought judicial review pursuant to the provisions of the Administrative Procedure Act. Having failed to do so, plaintiff is without a remedy.

_____
Justice