No.    95-153

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

---

HERITAGE COMMERCIAL CONTRACTORS,
INC., a Montana Corporation, and
THOMAS E. LITTLE, SHERRY D. LITTLE,
and RICHARD A. LITTLE,
individually,

       Plaintiffs and Appellants,

  -v.-

CITY OF HELENA, a municipal
corporation, and W.J. VERWOLF,
City Manager, TED HILL, City
Environmental Engineer, and unknown
John Doe, City Officials and Employees.

       Defendants and Respondents.

---

APPEAL FROM:    District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Thomas Honzel, Judge presiding.


COUNSEL OF RECORD:

      For Appellants:

      Jack M. Scanlon, Helena, Montana

      For Respondents:

      David N. Hull, Helena, Montana

---

Submitted on Briefs:  May 25, 1995

Decided:  July 25, 1995

FILED

Filed:  JUL 25 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the grant of City of Helena's Motion to Dismiss by the First Judicial District Court, Lewis and Clark County. We affirm.

Although the appellant presents two issues for review, the preliminary question of standing is the only question that we need reach at this time:

Did the District Court err in finding that Heritage Commercial Contractors had no standing to object to the City of Helena's award of a contract to Good Humus Compost Company?

The City of Helena (the City) placed an ad in the legal section of the *Independent Record* on October 14, 1992. The ad was a "Request for Proposal" to begin a green waste compost program. Heritage Commercial Contractors (Heritage) submitted a written proposal on October 31, 1993. Following the initial submission, Heritage supplied supplemental information three times upon request from the City.

On February 14, 1994, the City entered into a contract to compost its municipal waste with the Good Humus Compost Company. Heritage protested this award because it contended the City had not opened the contract to bidding. The City replied that the contract was for a technical service and excluded from bid by § 7-5-4301, MCA.

Heritage commenced action for damages suffered as a result of the City's negligence in failing to comply with statutes concerning municipal bidding. The District Court granted dismissal to the

2

City because it found that Heritage had no standing to object to the City's award of a contract. Heritage appeals this ruling.

Did the District Court err in finding that Heritage Commercial Contractors had no standing to object to the City of Helena's award of a contract to Good Humus Compost Company?

Heritage argues that unless specifically excepted, all municipal contracts must be awarded under the bidding procedures laid out in § 7-5-4301, MCA, et seq. Heritage claims that the contract awarded was not technical as argued by the City, and was not therefore, excepted from the bidding requirement. Further, Heritage argues that Baker relied upon by the District Court, does not apply to this case because in Baker bidding took place, whereas in the present case no bidding procedure took place.

The City argues that a contract for services of less than $25,000 can be awarded without use of the statutory bidding procedure. According to the City, the District Court was correct in finding that Heritage had no standing to bring this suit. The City also contends that Heritage has asked for damages which is a new unsupported legal theory; the proper remedy, if Heritage has standing, would be to ask that the bidding take place.

The District Court relied on Baker v. State (1985), 218 Mont. 235, 707 P.2d 20 for the proposition that a party not awarded a public contract fails to have standing to contest the decision by the municipality. While Heritage argues that Baker does not apply because in that fact scenario bidding took place, the Baker case has a much broader scope:

3

> [W]e have held that the discretion of the agency to award public work contracts to the lowest bidder is not subject to judicial review under normal circumstances. (cites omitted). We will not make a contract for the parties. Nor is this Court prepared to venture that Baker would have been awarded the contract if Edsall was not the successful bidder. <u>In the absence of any showing of bad faith, fraud, or corruption of the Department, the exercise of discretion will not be disturbed.</u> (Emphasis added).

<u>Baker</u>, 218 Mont. at 240, 707 P.2d at 24.

Regardless of bidding or no bidding, the only way this Court will review an agency's discretionary rulings--which would involve the decision in this case--is whether the action taken by the governmental agency was conducted in bad faith, with fraud, or under the influence of corruption. <u>Baker</u>, 218 Mont. at 240, 707 P.2d at 24. Heritage has not introduced a shred of evidence that would taint the City's decision.

Further, the statutory scheme states that contracts for construction, repair, or maintenance under $25,000 do not need to go through the bidding procedure. Section 7-5-4302, MCA. Contracts that are professional in nature also do not have to be bid. Section 7-5-4301(1), MCA. The contract in contention was under $25,000 and involved professional, if not technical, skills.

We conclude that the contract in question was not subject to the bidding procedure of § 7-5-4301, MCA, et seq. We further conclude that Heritage has presented no evidence that the City's decision was made in bad faith and, therefore, Heritage has no standing to object to the City's discretionary ruling.

We hold that the District Court did not err in finding that Heritage Commercial Contractors had no standing to object to the

4

City of Helena's award of a contract to Good Humus Compost Company.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

Justice James C. Nelson specially concurs:

I concur in the result of our opinion but not in all that is said. I would go no further than to hold that the contract at issue here was not subject to bidding by reason of the exceptions contained in §§ 7-5-4301(2), MCA, and 7-5-4302, MCA. Accordingly, Heritage has no standing to bring suit in this case. I do not agree that Baker is necessarily applicable under the facts here or dispositive of the issue which we address.

_____
                                    Justice