JUSTICE TRIEWEILER
delivered the Opinion of the Court.
The plaintiff, ISC Distributors, Inc., filed an amended complaint in the District Court for the Eighteenth Judicial District in Gallatin County, in which it alleged that the defendants, as employees of the State of Montana, violated its constitutional rights and acted negligently and in bad faith when they rejected its proposal for a microcomputer term contract. The District Court granted the defendants’ motion for summary judgment and dismissed the amended complaint. ISC appeals from the District Court’s order granting summary judgment. We affirm in part and reverse in part the judgment of the District Court.
The issues on appeal are:
1. Did the District Court err when it held that ISC had an insufficient property interest upon which to base a claim that it was denied due process of law in violation of 42 U.S.C. § 1983?
2. Did the District Court err when it held that ISC’s complaint of arbitrary and unfair treatment was insufficient to form the basis for a claim that it was denied equal protection of the law in violation of 42 U.S.C. § 1983?
3. Did the District Court err when it held that ISC could not state a claim for damages based on its allegation that the defendants acted negligently or in bad faith in their administration of the Montana Procurement Act?

*189
FACTUAL BACKGROUND

The District Court’s order of summary judgment is based on the plaintiff’s uncontroverted complaint, plus additional material provided by the defendants in support of their motion for summary judgment. Since the allegations in the plaintiff’s complaint were assumed to be true by the District Court for purposes of its decision, we will assume them to be true for purposes of this opinion.
On July 26,1990, pursuant to the Montana Procurement Act found at §§ 18-4-101 to -407, MCA, the Montana Department of Administration (Department) issued a Request for Proposal for Microcomputer Term Contracts (RFP). It originally established a deadline of August 29, 1990, for responses, however later extended that deadline to September 12,1990, by “Addendum #1.” ISC prepared a proposal and submitted it prior to the September 12,1990, deadline.
ISC was not awarded a contract by the Department. In its complaint, it alleged that, contrary to the express provisions in the RFP, the defendants issued a second addendum on September 14, 1990, extending the deadline to October 9, 1990; accepted proposals from persons who failed to meet the September 12, 1990, deadline; and eventually awarded the contract to one or more of those persons.
ISC alleged that the RFP provided for contract awards to the first and second best applicant in two categories: (1) a category in which cost was to be the most heavily weighted factor; and (2) a category in which qualifications were to be the most heavily weighted factor. It alleged that based on the applicable criteria, it was either first or second in each category but that it was not awarded a contract because the defendants: (1) based their awards on criteria not included in the original RFP; (2) disclosed contents of plaintiff’s proposal to competing offerors; (3) failed to give the plaintiff fair and equal treatment with respect to discussion and revision of its proposals; and (4) applied evaluation criteria in an arbitrary and capricious manner.
Based on these allegations, ISC claimed a right to recover damages pursuant to 42 U.S.C. § 1983 for deprivation of its property right without due process, and for violation of its right to equal protection of the law in violation of the Fifth and Fourteenth Amendments to the United States Constitution. It also asserted claims for damages based on the alleged negligence and bad faith of the defendants during their administration of the Montana Procurement Act.
*190 The defendants moved to dismiss the original complaint pursuant to Rule 12(b)(6), M.R.Civ.P. Although that motion was briefed by both parties, it was not ruled upon by the District Court. The defendants submitted additional information, including an affidavit to which relevant portions of the RFP were attached, and moved for summary judgment. After considering briefs and arguments from both parties, the District Court granted the defendants’ motion for summary judgment and entered judgment for the defendants.
The District Court concluded that ISC had not stated a claim based on denial of its right to due process in violation of 42 U.S.C. § 1983 because under Montana law it had no property right which was protected. It concluded that ISC had not been denied equal protection in violation of § 1983 because, at most, it alleged a violation of the law, rather than an unfair or discriminatory classification under the law. Finally, the District Court concluded that ISC could not state a claim for damages based on the defendants’ alleged negligent or improper administration of the Montana Procurement Act because § 18-4-242, MCA, provides the exclusive remedy for violations of the Act, and claims for damages are not included.

ISSUE 1

Did the District Court err when it held that ISC had an insufficient property interest upon which to base a claim that it was denied due process of law in violation of 42 U.S.C. § 1983?
Defendants originally moved to dismiss the complaint pursuant to Rule 12(b)(6), M.R.Civ.P., for failure to state a claim for which relief may be granted. Although the motion was briefed by both parties, the District Court did not rule upon the defendants’ motion. In response to ISC’s amended complaint, defendants moved for summary judgment pursuant to Rule 56, M.R.Civ.P. The District Court granted that motion, but during the course of its opinion intermittently used language which suggested that its opinion was based on Rule 12(b)(6). A Rule 12(b)(6) order would assume all facts in the complaint to be true, but conclude that based on those facts, no legally cognizable claim has been stated. In this case, a resolution of ISC’s due process claim requires consideration of facts beyond those alleged in its complaint. It is necessary to consider the criteria set forth in the Department’s RFP 112-B. Therefore, we will treat the District Court’s decision as an order granting defendants’ motion for summary judgment.
We review a district court order granting summary judgment based on the same factors considered by the district court. Cooper v. *191 Sisters of Charity (1994), 265 Mont. 205, 207, 875 P.2d 352, 353. Summary judgment is not appropriate unless there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56, M.R.Civ.P.
ISC contends that because its proposal satisfied the statutory criteria for the contracts which were ultimately awarded by the defendants, it had a property interest in those contracts which was denied arbitrarily and unfairly by the State in violation of ISC’s right to due process, and therefore, in violation of 42 U.S.C. § 1983.
42 U.S.C. § 1983 states:
Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
The legal foundation for such a claim is best summarized as follows:
To prevail on its due process claim Curtis must prove that it had a definite liberty or property interest and that such interest was, under color of state law, abridged without appropriate process. See Board of Regents v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972); Casias v. City of Raton, 738 F.2d 392, 394 (10th Cir. 1984); Vinyard v. King, 728 F.2d 428, 430 (10th Cir. 1984). The process requirement necessary to satisfy fourteenth amendment procedural due process comes into play only after plaintiff has shown that it has a property or liberty interest. Vinyard, 728 F.2d at 430 n. 5 (citing Roth, 408 U.S. at 569-70, 92 S.Ct. at 2705). To establish a property interest in a particular benefit, one must have a “legitimate claim of entitlement” to it. Roth, 408 U.S. at 577, 92 S.Ct. at 2709. “[A]n abstract need or desire for it” or a “unilateral expectation” is insufficient. Id.; see also Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). Whether such claim of entitlement exists, and the sufficiency thereof, is determined “by reference to state law.” Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). However, while the typical claim of entitlement is based upon “specific statutory or contractual provisions,” it need not be. Casias, 738 F.2d at 394. Rather, “[a] person’s interest in a benefit is a ‘property’ interest for due process purposes if there *192 are ... rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.” Perry v. Sindermann, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).
Curtis Ambulance v. Shawnee County Board of County Commissioners (10th Cir. 1987), 811 F.2d 1371, 1375-76.
ISC relies on a decision from the U.S. District Court for the Western District of Pennsylvania to support its contention that it had a property interest in the contract award that it sought pursuant to the Montana Procurement Act. Three Rivers Cablevision, Inc. v. City of Pittsburgh (W.D. Pa. 1980), 502 F. Supp. 1118. In Three Rivers, the plaintiffs filed suit pursuant to § 1983 for denial of its right to due process and equal protection when the City of Pittsburgh awarded a cable television contract in what that plaintiff contended was a violation of the city’s procurement and awards process.
That court noted that consideration of whether due process had been denied required a determination of: (1) whether the deprivation complained of constituted a liberty or property interest; and (2) the nature of the process due the complainant. Three Rivers, 502 F. Supp. at 1128. It concluded that a party cannot establish a property interest in a procedure itself. Therefore, a protected interest must be found in the benefit that the complainant seeks to have regulated by that procedure, i.e., the award of the contract. Three Rivers, 502 F. Supp. at 1128-29. To determine whether the plaintiff established a property interest in that contract award, that court considered the local city code, which provided that the city had the right to reject all bids, but also that if a contract was awarded, it would be awarded to the lowest responsible bidder. That court concluded that a narrow-dimension property interest existed which was the right of the lowest responsible bidder who complied with the relevant specifications to receive the contract, once the city decided to award a contract pursuant to the proposal process. The court held that the plaintiff satisfied the requisite criteria, and was the lowest responsible bidder. Therefore, that plaintiff had a property interest in the contract award. Three Rivers, 502 F. Supp. at 1130-32.
Based on the rationale set forth in Three Rivers, ISC contends that Montana’s Procurement Act confers the requisite property interest to state a claim for denial of due process in violation of 42 U.S.C. § 1983. It contends that pursuant to § 18-4-304(7), MCA, the defendants’ discretion for awarding the contracts in question was limited to the criteria set forth therein; that because ISC satisfied those criteria, it *193 had a property interest in the contract award; and that because the defendants awarded contracts to others in arbitrary disregard for those criteria they violated ISC’s right to due process of law.
The defendants respond that the decision in Three Rivers is a minority view; that the result in Three Rivers is inconsistent with prior Montana case law which held that unsuccessful bidders lacked standing to challenge the award of a government contract; and that even if this Court was to follow the Three Rivers rationale, it is inapplicable to the facts in this case because there was no statutory requirement that a contract be awarded to the lowest bidder.
The defendants correctly note that other jurisdictions disagree whether the District Court for the Western District of Pennsylvania was correct when it held that an unsuccessful bidder can establish a property interest in a contract award which is protected by the due process clause. Compare Pataula Electric Membership Corp. v. Whitworth (11th Cir. 1992), 951 F.2d 1238, 1242-43; Anderson-Myers Co., Inc. v. Roach (D. Kan. 1987), 660 F. Supp. 106, 111; with Szabo Food Service, Inc. v. Canteen Corp. (7th Cir. 1987), 823 F.2d 1073, 1081; Sowell’s Meats and Services, Inc. v. McSwain (4th Cir. 1986), 788 F.2d 226, 228; ARA Services, Inc. v. School Dist. of Philadelphia (E.D. Pa. 1984), 590 F. Supp. 622, 629.
Other courts have held that a government agency’s reservation of the right to reject any and all bids provides sufficient discretion to preclude a constitutionally protected property interest in a contract award. Kim Construction Co., Inc. v. Board of Trustees (7th Cir. 1994), 14 F.3d 1243, 1246-47; Teton Plumbing and Heating Co., Inc. v. School Dist. No. 1 (Wyo. 1988), 763 P.2d 843, 849-50.
However, based on the procurement statute with which we are concerned in this case, it is not necessary that we choose between the Three Rivers decision and its detractors. We have previously held in Akhtar v. Van de Wetering (1982), 197 Mont. 205, 218, 642 P.2d 149, 156, that a public official’s discretion may prevent the creation of a property right sufficient to support a claim that due process was denied in violation of § 1983. In that case we recognized that:
To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.
Akhtar, 642 P.2d at 153 (quoting Roth, 408 U.S. at 577, 92 S.Ct. at 2709).
*194 Other courts have also held that a constitutionally protected property right cannot be established based on a statutory scheme in which the governmental agency has considerable discretion to award or withhold a benefit. Szabo, 823 F.2d at 1080-81; Sowell’s Meats, 788 F.2d at 228-29. Absent a property interest, courts will not review the merits of a due process claim. Kim Construction, 14 F.3d at 1246.
Here, ISC bases its claim on Montana’s procedure for receiving and considering “competitive sealed proposals” which is set forth at § 18-4-304, MCA. Subsection (7) of that statute provides:
The award must be made to the responsible offeror whose proposal is determined in writing to be the most advantageous to the state, taking into consideration price, including the preference in 18-1-102, and the evaluation factors set forth in the request for proposals. No other factors or criteria may be used in the evaluation.
Advantageous is defined by Administrative Rule as “a judgmental assessment of what is in the state’s best interest.” Rule 2.5.201, ARM.
The request for proposals in this case provided that contracts would be awarded based upon the applicant’s qualifications, a technical evaluation, and a cost analysis. However, the RFP also stated that the Department reserved the right to reject any proposal based on what it concluded were the State’s “best interests.”
While § 18-1-102, MCA, provides a preference to residents, that is only one factor that must be considered, and there is no record in this case which would indicate that that preference was misapplied.
Therefore, we conclude that unlike the procurement laws on which the Three Rivers decision was based, the defendants in this case were not required to award a contract to the “lowest bidder,” nor were they absolutely required to award a contract based on any other sufficiently objective basis that a property interest was created which would support a due process claim pursuant to 42 U.S.C. § 1983. The defendants were simply required to award contracts based on what they subjectively concluded was in the State’s best interest after taking into consideration various factors, including quality, expense, and technical adequacy. Neither the statutory nor regulatory criteria, nor the RFP, limited the defendants’ discretion to a sufficient extent to create a property right pursuant to the Three Rivers decision, or any of its progeny. For that reason, and based on our prior conclusion that a property right will not exist where there is broad discretion involved in the award of a benefit, we affirm the District Court’s order *195 dismissing ISC’s claim that it was denied due process of law in violation of 42 U.S.C. § 1983.

ISSUE 2

Did the District Court err when it held that ISC’s complaint of arbitrary and unfair treatment was insufficient to form the basis for a claim that it was denied equal protection of the law in violation of 42 U.S.C. § 1983?
ISC contends that because it alleged that the defendants applied the Montana Procurement Act unfairly and in a discriminatory fashion, the District Court erred when it held that it had not stated a claim that it was denied equal protection in violation of 42 U.S.C. § 1983. ISC relied on the Three Rivers decision to support its claim.
The State responds that violations of state law, or arbitrary application of state law, do not give rise to a claim that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution has been violated. The defendants contend that the substance of ISC’s claim is that the defendants have misapplied state law and that pursuant to the U.S. Supreme Court’s decision in Beck v. Washington (1962), 369 U.S. 541, 554-55, 82. S. Ct. 955, 962-63, 8 L. Ed. 2d 98, 110, misapplication of state law is not an equal protection violation.
In Three Rivers, the Federal District Court held that unequal application of an otherwise facially neutral bidding provision clearly states a § 1983 claim for denial of equal protection. Three Rivers, 502 F. Supp. at 1133.
However, we agree with the District Court for the Eastern District of Pennsylvania when it held in ARA Services, Inc., that:
The function of the equal protection clause ‘is to measure the validity of classifications created by state laws .’Parham v. Hughes, 441 U.S. 347, 358, 99 S.Ct. 1742, 1749, 60 L. Ed. 2d 269 (1979). ...
....
An equal protection claim fails when it ‘at most amounts to an allegation that state law was misapplied in [an] individual case.’ Short v. Garrison, 678 F.2d 364, 368 (4th Cir. 1982). The Supreme Court has made clear that the misapplication of state law alone does not constitute invidious discrimination in violation of the equal protection clause; ‘[w]ere it otherwise, every alleged misapplication of state law would constitute a federal constitutional question.’ Beck v. Washington, 369 U.S. 541, 554, 555, 82 S.Ct. 955, 962-63, 8 L.Ed.2d 98 (1962). Although the plaintiffs have at *196 tempted to couch their claim in equal protection language, it is clear that they are, in essence, asserting that state law was misapplied in their case. This Court does not find in the equal protection clause the authority to review for constitutional error a decision of a local or state governmental body merely because the decision is alleged to be arbitrary or unlawful. The contention that the plaintiffs are members of a class of everyone who has had the law misapplied in particular cases, even assuming it were supported by some allegation in the complaint, merely suggests that others might have state law, but not federal constitutional, claims. The plaintiffs have failed to state a claim for violation of the equal protection clause of the Fourteenth Amendment.
ARA Services, 590 F. Supp. at 629-30.
We conclude that the plaintiff has, at most, alleged that state law was misapplied to it as an individual in an isolated incident. It does not allege that it has been discriminated against as a member of any definable class, nor that state law has been misapplied based on class distinction. For these reasons, we conclude that as a matter of law, ISC has not stated a claim for denial of its federal right to equal protection in violation of 42 U.S.C. § 1983, and we affirm the District Court’s order granting summary judgment to the defendant which dismissed ISC’s claim which was based on the Equal Protection Clause.

ISSUE 3

Did the District Court err when it held that ISC could not state a claim for damages based on its allegation that the defendants acted negligently or in bad faith in their administration of the Montana Procurement Act?
The District Court held, and the defendants ask that we affirm, that ISC cannot recover damages based on its allegation that the defendants administered the Montana Procurement Act in bad faith and negligently because the exclusive remedy for misapplication of the Act’s provisions is § 18-4-242, MCA. However, to do so would require that we ignore the plain language of the Act.
Although § 18-4-242, MCA, is entitled “Remedies Prior to and After Award,” we have held that the title of a statute is subordinate to its text in determining its effect. Manufacturing Acceptance Corp. v. Krsul (1968), 151 Mont. 28, 35, 438 P.2d 667, 671. The text of § -242 does not, in fact, provide any remedy to ISC. Instead, it provides in relevant part that:
*197 (1) If a solicitation or award of a contract is in violation of law, the department may apply the remedies provided in subsections (2) and (3).
(2) If prior to award it is determined that a solicitation or proposed award of a contract is in violation of law, the solicitation or proposed award must be:
(a) canceled; or
(b) revised to comply with the law.
(3) (a) If after an award it is determined that a solicitation or award of a contract is in violation of law and the person awarded the contract has not acted fraudulently or in bad faith, the contract may be:
(i) ratified and affirmed, provided it is determined that doing so is in the best interests of the state; or
(ii) terminated, and the person awarded the contract must be compensated for the actual expenses reasonably incurred under the contract, plus a reasonable profit, prior to the termination.
(b) If after an award it is determined that a solicitation or award of a contract is in violation of law and the person awarded the contract has acted fraudulently or in bad faith, the contract may be:
(i) declared void; or
(ii) ratified and affirmed if such action is in the best interests of the state, without prejudice to the state’s rights to appropriate damages.
(Emphasis added.)
Section 18-4-122, MCA, which lists the purposes of the Montana Procurement Act states, on the other hand, that:
The underlying purposes and policies of this chapter are to:
....
(5) ensure the fair and equitable treatment of all persons who deal with the procurement system of the state;
....
(8) provide safeguards for the maintenance of a procurement system of quality and integrity.
Toward that end, the Legislature has provided in § 18-4-131, MCA, that:
(1) Unless displaced by the particular provisions of this chapter, the principles of law and equity, including the Uniform Commercial Code, the law merchant, and law relative to capacity to contract, agency, fraud, misrepresentation, duress, coercion, mis *198 take, or bankruptcy, supplement the provisions of this chapter, except that writs of mandamus and prohibition issued pursuant to Title 27, chapters 26 and 27, may not be used as a remedy for violations of this chapter.
(2) This chapter requires all parties involved in the negotiation, performance, or administration of state contracts to act in good faith.
[14] The District Court held that § 18-4-242, MCA, displaced the remedies provided for in § 18-4-131, MCA. However, when interpreting statutes, courts may not insert what has been omitted or omit what has been inserted. Section 1-2-101, MCA. Likewise, courts must construe a statute based on its plain meaning. State ex rel. Woodahl v. District Court (1973), 162 Mont. 283, 292, 511 P.2d 318, 323.
The plain language of § 18-4-242, MCA, does not suggest that it was intended to displace other remedies for abuse of the procurement process which may be available based on principles of law and equity. In fact, the plain language of § -242 suggests the contrary. It limits remedies to those which may be taken by “the department.” It provides no remedy for irregularities which may have been engaged in by “the department.” Furthermore, the remedies provided for in § -131 are much more expansive than those provided for in § -242. It makes no sense that the Legislature would wipe them out several sections later without ever expressly stating that it had done so. Finally, because § -242 provides no method of enforcement by individuals who have been adversely affected by misapplication of Montana’s Procurement Act, it does nothing to further the purposes of the Act which are set forth in § 18-4-122(5) and (8), MCA. It would be impossible to “ensure the fair and equitable treatment of all persons who deal with the procurement system” if the only party capable of enforcing the system’s requirements was the party accused of abusing those requirements.
The defendants argue, and the District Court agreed, that because of our prior decisions in Baker v. State (1985), 218 Mont. 235, 707 P.2d 20, and State ex rel. Stuewe v. Hindson (1912), 44 Mont. 429, 120 P. 485, ISC lacks standing to sue for damages under the Montana Procurement Act. However, neither case is applicable. Stuewe did not involve a claim for damages; both cases involved claims for mandamus, which are specifically barred by § 18-4-131, MCA; and neither involved a claim under Chapter 4 of the Montana Procurement Act, which specifically preserves “legal and equitable remedies.”
*199 Stuewe involved a bid submitted to the Lewis and Clark Comity Commissioners to provide services for care of the poor, sick, and infirm. William Stuewe was an unsuccessful bidder and brought an action in mandamus to compel the Board to rescind its award to another bidder and award the contract to him. We held that because the County had the authority to reject all bids, or any bid, there was no absolute duty on the part of the Board to accept any bid, and therefore, that mandamus will not lie to compel the Comity to act. We based that holding on our conclusion that mandamus is only available to enforce a well-defined right for which there is no other specific legal remedy.
In Baker, the State Division of Architecture and Engineering invited bids for the construction of the National Guard Armory in Harlowton pursuant to Title 18, Chapter 2, of the Montana Code Annotated. Baker was an unsuccessful bidder and brought an action to have the award to another set aside and the contract awarded to him. He also sought damages for misapplication of the construction contract statutes. We held, based on our prior decision in Sletten Construction Co. v. City of Great Falls (1973), 163 Mont. 307, 516 P.2d 1149, that “the discretion of the agency to award public work contracts to the lowest bidder is not subject to judicial review under normal circumstances” absent “bad faith, fraud, or corruption of the department....” Baker, 707 P.2d at 24.
Sletten stood only for the broad general principle that an unsuccessful bidder has no standing in mandamus or otherwise to control the exercise of discretion by a governmental agency for awarding contracts to one of several bidders. Baker is distinguishable from this case for several reasons: (1) Chapter 2 of Title 18 pertains to construction contracts, rather than the Montana Procurement Act, and includes no provision comparable to § 18-4-131, MCA, which preserves legal and equitable remedies; (2) mandamus is specifically precluded by § 18-4-131, MCA, and therefore, not sought by ISC; (3) ISC’s claim is based on an alleged failure to act in good faith, which is specifically required by § 18-4-131(2), MCA. As noted by the Court, bad faith was not alleged in Baker.
Section 18-4-131(1), MCA, provides that “the principles of law ... supplement the provisions” of the Montana Procurement Act, and subsection (2) requires that all parties involved in the administration of the Act “act in good faith.” ISC’s claim for damages based on its allegation of negligence is founded in principles of law; and its claim based upon failure to act in good faith is based on an alleged violation *200 of the obligation specifically imposed on the defendants by statute. We conclude that these provisions of the Montana Procurement Act are not displaced by the later provision in § 18-4-242, MCA, which authorizes the Department to pursue rescission-like remedies where it concludes that a solicitation has been submitted or a contract awarded in violation of law. Neither are these remedies precluded by our prior decisions in Stuewe and Baker. For these reasons, the judgment of the District Court which dismissed ISC’s claims based on negligence and bad faith is reversed, and this case is remanded to the District Court for further proceedings consistent with this opinion.
JUSTICE GRAY, HUNT and DISTRICT COURT JUDGE JOHNSON, sitting for JUSTICE NELSON, concur.