DISTRICT JUDGE MARGE JOHNSON,
specially concurring:
I specially concur in the opinion authored by Justice Trieweiler in this matter. I agree with the reasoning in the majority opinion, but wish to add the following points in response to the dissenting opinion.
Sections 18-4-131, M.C.A., and 18-4-242, M.C.A., were enacted into law in 1983 as part of the same Act of the Legislature. The interpretation of § 18-4-242 urged by the dissenters makes § 18-4-131(1) completely unnecessary and of no effect. The dissenters argue that § 18-4-242, M.C.A., affords the exclusive remedies for violations of the Montana Procurement Act. Section 18-4-131(1) provides:
Unless displaced by the particular provisions of this chapter, the principles of law and equity, including the Uniform Commercial Code, the Law Merchant, and law relative to capacity to contract, agency, fraud, misrepresentation, duress, coercion, mistake, or bankruptcy, supplement the provisions of this chapter, except that writs of mandamus and prohibition issued pursuant to Title 27, Chapters 26 and 27, may not be used as a remedy for violations of this chapter.
Under the interpretation offered by the dissenters, § 18-4-242 completely displaces other provisions of law itemized in § 18-4-131, and also renders the final clause of that provision unnecessary, since § 18-4-242 clearly does not permit either the writs of mandamus or prohibition to be used for violations of the Montana Procurement Act.
It is a fundamental rule of statutory construction, which has long been endorsed by this Court, that it is the duty of this Court to interpret individual sections of an act in such a manner as to ensure coordination with the other sections of the act. Howell v. State, 263 Mont. 275, 286-287, 868 P.2d 568 (1994). This Court must presume *201 that the legislature would not pass meaningless legislation, and must harmonize statutes relating to the same subject, as much as possible, giving effect to each. Crist v. Segna, 191 Mont. 210, 212, 622 P.2d 1028 (1981). This Court must construe subsections ofa statute in a manner that will give effect to them all, reconciling conflicting or apparently conflicting statutory provisions and making them all operative in accordance with the legislative intent, insofar as it is possible to do so. Schendel v. Board of Adjustment, 237 Mont. 278, 284, 774 P.2d 379 (1989).
To hold that § 18-4-242, M.C.A., provides the exclusive remedies afforded by law under the Montana Procurement Act for violation of that Act, renders § 18-4-131(1), M.C.A., completely unnecessary. If the legislature intended to permit no other remedies, the legislature could and should have omitted § 18-4-131, M.C.A. It did not choose to do so, and this Court has no authority to do so. By doing so, this Court would be substituting its own judgment for that of the legislature.
Additionally, § 18-4-242, M.C.A., by its own terms permissive rather than mandatory, and is not intended to provide exclusive remedies. Section 18-4-242(4) states that: “In the event the matter is reviewed by a court, the court may apply the same remedies provided in (2) and (3).” If the legislature intended the remedies of § 18-4-242, M.C.A., to be exclusive, it could easily have used the word “shall” or “must”, which are interpreted to be mandatory, rather than permissive. Gaustad v. City of Columbus, 265 Mont. 379, 381-382, 877 P.2d 470, 471 (1994). (The word “may” is commonly understood to be permissive or discretionary; in contrast, “shall” is understood to be compelling or mandatory.) The use of the permissive language in this statute, coupled with the enactment at the same time of § 18-4-131, M.C.A., which lists a number of other possible remedies, refutes the dissent’s claim that § 18-4-242, M.C.A., completely displaces those provisions listed in § 18-4-131(1), M.C.A.
Finally, the dissent also argues that the Plaintiffs have no standing. Baker v. State, 218 Mont. 235, 707 P.2d 20 (1985). It is important to note that the Baker decision was not decided under the Montana Procurement Act, but rather under an act that does not include the kinds of provisions found in § 18-4-122, M.C.A., stating the specific purposes of the Montana Procurement Act. Baker was therefore decided under common law principles of longstanding in this state which are appropriately applied absent any legislative statement of purpose to the contrary. Under those common law principles, an unsuccessful bidder, regardless of the reason for the lack of success, lacks standing to bring an action challenging the bidding process. *202 Section 18-4-122, M.C.A., provides the underlying purposes and policies of the Montana Procurement Act, which include the purposes to:
(4) Provide for increased public confidence in the procedures followed in public procurement;
(5) Ensure the fair and equitable treatment of all persons who deal with the procurement system of the

........

(8) Provide safeguards for the maintenance of a procurement system of quality and integrity. [Emphasis added].
By enacting these specified purposes into law for bidding procedures which occur under the Act, the legislature has adopted purposes not consistent with the common law rule denying “persons who deal with the procurement system of the state” any standing to challenge violations of the Act. Section 1-2-103, M.C.A., requires that statutes which are in derogation of the common law must be liberally construed with a view to effect their objects and to promote justice. Where a conflict arises between the common law and a statute, the common law must yield. Hansen v. Utah State Retirement Board, _ Utah _, 652 P.2d 1332, 1337 (1982). Given the purposes enunciated in § 18-4-122, M.C.A., there is no basis for applying the common law rule applied in Baker, and denying this plaintiff standing to proceed.
JUSTICE TRIEWEILER and JUSTICE GRAY join in the foregoing concurrance.