JUSTICE WEBER
dissents as follows:
I concur in the opinion’s resolution of Issues 1 and 2.1 dissent on Issue 3, in which the opinion concludes that the District Court erred when it held that ISC could not state a claim for damages based on its allegations that the defendants acted negligently or in bad faith in their administration of the Montana Procurement Act.
Under Issue 3, the opinion sets forth the text of § 18-4-242, MCA, in “relevant part.” Such relevant part does not include subsection (4) which I believe to be critical to the decision. Following is the complete text of § 18-4-242, MCA:
18-4-242. Remedies prior to and after award. (1) If a solicitation or award of a contract is in violation of law, the department may apply the remedies provided in subsection (2) and (3).
(2) If prior to award it is determined that a solicitation or proposed award of a contract is in violation of law, the solicitation or proposed award must be:
*203 (a) canceled; or
(b) revised to comply with the law.
(3) (a) If after an award it is determined that a solicitation or award of a contract is in violation of law and the person awarded the contract has not acted fraudulently or in bad faith, the contract may be:
(i) ratified and affirmed, provided it is determined that doing so is in the best interests of the state; or
(ii) terminated, and the person awarded the contract must be compensated for the actual expenses reasonably incurred under the contract, plus a reasonable profit, prior to the termination.
(b) If after an award it is determined that a solicitation or award of a contract is in violation of law and the person awarded the contract has acted fraudulently or in bad faith, the contract may be:
(i) declared void; or
(ii) ratified and affirmed if such action is in the bet interests of the state, without prejudice to the state’s rights to appropriate damages.
(4) In the event the matter is reviewed by a court, the court may apply the same remedies provided in subsections (2) and (3). (Emphasis supplied.)
In analyzing the foregoing statute, the opinion states that the plain language of § -242 does not suggest that it was intended to displace other remedies for abuse of the procurement process which may be available based upon principles of law and equity. It incorrectly states that § -242 limits remedies to those which may be taken by “the department.” Finally, it states that because the section provides no method of enforcement by individuals who have been adversely affected by the Act, it does nothing to further the purposes of the Act. I disagree with those conclusions when the entire Act, and in particular subsection (4) of § -242, is considered. Subsection (4) provides that in the event the matter is reviewed by a court, the court may apply the same remedies provided in subsections (2) and (3). Clearly a remedy was provided to the plaintiff in this case which could have sued under § -242 to enforce the remedies therein provided. As a result, I disagree with the conclusion that it is impossible to ensure a fair and equitable treatment if the only party capable of enforcing the requirements was the party accused of abusing those requirements — that conclusion is negated by subsection (4).
*204 I will analyze § 18-4-242, MCA, taking into consideration the allegations on the part of the plaintiff. Under the negligence count of the amended complaint, the plaintiff in substance alleged that the defendants failed to exercise ordinary care in awarding a contract under the RFR In substance, plaintiff contended that defendant Swick issued a second addendum on September 14, 1990, two days after the date of the deadline for receipt of proposals which “extended” the deadline for proposals to October 9, 1990. Apparently that is a key part of the negligent conduct claim. In addition, plaintiff pleaded that the defendants failed to award the contract because of their conduct in using improper evaluation criteria, failed to ensure nondisclosure of the contents of plaintiff’s proposal, intentionally discriminated against the plaintiff and applied evaluation criteria to plaintiff’s proposal in an arbitrary and capricious manner. In a similar manner, in count VI of its complaint, plaintiff alleged that the action of the defendants in sending plaintiff the RFP gave rise to a justifiable expectation on the part of the plaintiff that defendants would act reasonably and negotiate in good faith, pursuant to and required by § 18-4-131, MCA. Defendants’conduct was unreasonable and a breach of their duty to negotiate in good faith.
I will discuss the foregoing aspects of the complaint as provided by the Act. In doing so, I will refer to the right of both the department and the court to apply the remedies of § -242. Subsection (1), (and by inference made in subsection (4)) of § -242, provide that if an award of a contract is in violation of law, the department or the court may apply the remedies in subsection (2) or (3). Clearly the allegations of negligence and bad faith in the plaintiff’s complaint are in violation of the principles of law and equity and the law relative to the capacity to contract as well as the law of fraud, all referred to in § 18-4-131, MCA. As a result, under subsection (2) of § -242, if prior to the award, the plaintiff had objected, either the department or the court could have determined that the proposed award was in violation of law at which time the proposed award would have to have been cancelled or revised to comply with law.
In a similar manner, under subsection (3)(a) of § -242, if after an award was made, the plaintiff had made the same complaints, then either the department or the court could have determined that the award was in violation of law. At that point, if the party awarded the contract had not acted either fraudulently or in bad faith — none of which is alleged in the complaint — the contract may be ratified and affirmed by either the department or the court if it is determined that *205 it is in the best interests of the state; or, either the department or the court may terminate the contract and the party awarded the contract would be entitled to actual expenses as listed.
On the other hand, under subsection (3)(b), if after the award was made, either the department or the court determined that the award was in violation of law and that the party awarded the contract had acted fraudulently or in bad faith, the department or the court may declare the contract void or ratify or affirm the contract if it is in the best interests of the state without prejudice to the state’s rights to appropriate damages. I here emphasize that the only provision in § -242 with regard to damages is in subsection (3)(b), where the State is given the right to appropriate damages if the person awarded the contract has acted fraudulently or in bad faith.
Clearly § -242 gave the plaintiff the right to seek to enforce its terms by plaintiff’s request made to the department, or in the alternative, by its request made to the District Court. Plaintiff chose not to do so. As a result, plaintiff has disregarded the provisions of § -242.
The District Court pointed out that plaintiff’s argument with regard to its claim for damages is misplaced because the principles of law and equity which supplement the Procurement Act do not include damage remedies, and § 18-4-131(1), MCA, begins with the phrase which states that the general provisions of law and equity apply “unless displaced by the particular provisions of this chapter ...” The District Court correctly concluded that § 18-4-242, MCA, provides such a displacement. Clearly the remedies set forth in that section apply both prior to and after award of a contract. The District Court pointed out that plaintiff contended that Baker recognizes a damage award is allowed in cases in which bad faith is alleged. First of all we point out that under Baker v. State (1985), 218 Mont. 235, 239, 707 P.2d 20, 23, this Court stated:
The policy behind the bidding statute also precludes any finding of standing for Baker to bring the action. The statute’s primary function is to benefit the citizens. This premise is stated in 72 C.J.S., suppplement, Public Contracts § 8 (1975):
“Competitive bidding statutes are primarily intended for the benefit of the public rather than for the benefit or enrichment of bidders, and consideration of advantages or disadvantages to bidders must be secondary to the general welfare of the public ...”
Baker then quoted from Stuewe v. Hindson (1912), 44 Mont. 429, 437, 120 P. 485, 487, where this Court stated:
*206 The provisions of law for letting contracts of this character to the lowest bidder is for the benefit of the public, and does not confer any right upon the lowest bidder as such. (Emphasis in original.)
Finally, in Baker, this Court made the following additional statements:
In addition, we have held that the discretion of the agency to award public work contracts to the lowest bidder is not subject to judicial review under normal circumstances. Sletten Construction Co.... We will not make a contract for the parties. Nor is this Court prepared to venture that Baker would have been awarded the contract if Edsall was not the successful bidder. In the absence of any showing of bad faith, fraud, or corruption of the Department, the exercise of discretion will not be disturbed. (Emphasis supplied.)
Baker, 707 P.2d at 24. I do not find allegations in the plaintiff’s complaint sufficient to demonstrate that there was bad faith, fraud or corruption by the Department which required that the exercise of the Department’s discretion should be disturbed. In any event, even if there were such bad faith, fraud or corruption, under the specific provisions of the Procurement Act here applicable, the proper remedy was under § -242, as previously discussed.
I further disagree with the opinion’s conclusion that Baker is distinguishable because Chapter 2 of Title 18, pertaining to construction contracts, is not comparable to the Montana Procurement Act. Under the quotation from Chapter 2, Title 18 in Baker, it is clear that the contract must be awarded to the lowest bidder, a much more restrictive provision than that applicable in the Montana Procurement Act.
I would therefore affirm the conclusion of the District Court that competitive bidding statutes are intended for the benefit of the public rather than for the benefit or enrichment of bidders and that to allow damage remedies would require that the public be forced to pay twice for the same goods and services. The District Court properly concluded that the appropriate remedies are the rescission-like remedies contained in § 18-4-242, MCA. I agree with that conclusion of the District Court. I would therefore affirm the order of the District Court which held that the amended complaint failed to state a claim upon which relief could be granted.
CHIEF JUSTICE TURNAGE and DISTRICT COURT JUDGE CURTIS, sitting for JUSTICE LEAPHART concur in the foregoing dissent.