JUSTICE LEAPHART,
dissenting.
¶29 I dissent.
¶30 According to COT, the District Court erred in denying its motion for summary judgment given that both MacKay and Orcutt failed to exhaust their remedies under the collective bargaining agreement (CBA). This Court agrees with COT that failure to follow the grievance procedure contained in the CBA bars the suit in District Court, and that MacKay and Orcutt should not have been allowed to “sidestep” their CBA remedies. MacKay and Orcutt, for their part, contend that they were not union members and, therefore, were not required to follow the grievance procedure contained in the CBA. They also maintain that, even if they were covered by the CBA, the grievance procedure contained therein was not mandatory.
¶31 Even though the CBA states that “[a]ll grievances shall be presented in accordance with the grievance procedure set forth [in the CBA] below,” the first step in the grievance procedure itself states: “Any employee may file a formal written grievance with the Dean....” (Emphasis added.) MacKay and Orcutt submit that the “may” renders the procedure permissive. COT, on the other hand, asserts that the usage of “may’ in the CBA is not permissive. In agreeing with COT, this Court relies, in part, on our decision in Brinkman v. State (1986), 224 Mont. 238, 729 P.2d 1301, where, according to COT, “this Court enforced a CBA grievance procedure even though the procedure contained the word ‘may.” However, upon closer inspection of Brinkman and the CBA contained therein, it is apparent that the Court’s reliance on that case is misguided. In Brinkman, the Montana Public Employees Association and the State entered into a CBA, which provided that “[t]he Employer may discharge any employee with permanent status only for just cause,” and that “[a]ny grievance or dispute which may arise between the Parties, involving the application, meaning, or interpretation of this Agreement, shall be settled in the following manner ...” Brinkman, 224 Mont. at 241, 729 P.2d at 1303-04 (emphasis added).
¶32 Generally, the word “may’ is commonly understood to be permissive or discretionary; in contrast, “shall” is understood to be compelling or mandatory. ISC Distributors, Inc. v. Trevor (1995), 273 Mont. 185, 201, 903 P.2d 170, 1799 (Johnson, District Judge, concurring). While it is technically accurate that in Brinkman this Court enforced a CBA containing “may,” the use of “may’ in that case is entirely distinguishable from the use of “may’ in the CBA at bar. In the present CBA, “may’ refers to the filing of a grievance; whereas the *476 “may” in Brinkman refers to the employer’s discharge of the employee. The Court’s conclusion that the CBA contains a mandatary grievance procedure is not compelling.
¶33 The Court focuses on the mandatory provisions of the CBA which state that “[a]ll grievances must be filed within twenty-five (25) days after the occurrence ...” and “[a]ll grievances shall be presented in accordance with the grievance procedure set forth below.” These mandatory provisions however, only come into play if one assumes that a disgruntled employee has chosen to invoke the “grievance” procedure. Nothing in the CBA requires that all claims be handled as “grievances” as opposed to being filed in court. In fact, the CBA says that an employee “may file a formal written grievance” (step one) and, if the grievance is not resolved at step one, the grievance “may be filed with the President.” (step two). Thus, the employee has discretion in deciding whether to invoke the “grievance” procedure. If he or she does so, then the mandatory provisions are triggered. If the employee decides not to proceed with a “grievance” under the CBA, he or she is free to file suit in district court.
¶34 Even if MacKay and Orcutt were covered by the CBA, the CBA did not mandate that they comply with its grievance procedure. I would affirm the District Court’s denial of COT’s motion for summary judgment.
JUSTICE COTTER and JUSTICE REGNIER, dissenting.
We join in the foregoing dissent of Justice Leaphart.