No. 12635

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

STATE OF MONTANA, EX REL.
SLETTEN CONSTRUCTION COMPANY,
a Montana Corporation,

Petitioner,

-vs-

CITY OF GREAT FALLS, STATE OF MONTANA,
CURTIS A. AMMONDSON, DONALD L. OSTREM,
JOHN H. SHEFFELS, WILLIAM E. SAMSON and
WILLIAM M. SCOTT, as Commissioners thereof,
and DEPARTMENT OF REVENUE, STATE OF MONTANA,
and KEITH L. COLBO, as Director thereof,

Defendants.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Jardine, Stephenson, Blewett & Weaver, Great Falls,
Montana
Alex Blewett argued, Great Falls, Montana

For Defendants:

John Kuenning and Paul Miller, Great Falls, Montana
John Kuenning argued, Great Falls, Montana
Smith, Emmons and Baillie, Great Falls, Montana
James R. Walsh argued, Great Falls, Montana
Terence B. Cosgrove argued, Helena, Montana
Robert W. Corcoran appeared, Helena, Montana
R. Bruce McGinnis appeared, Helena, Montana

---

Submitted: November 16, 1973

Decided: DEC 13 1973

Filed: DEC 13 1973

Thomas J. Kearney
Clerk

PER CURIAM:

This is an original application for a writ of mandate or other appropriate writ to compel the City of Great Falls, Montana to award a public works construction contract to petitioner Sletten Construction Company, a Montana corporation. The essence of petitioner's contention is that it is entitled to the contract award under the provisions of Montana's resident contractor preference law.

An order to show cause was issued setting the matter for hearing on November 16, 1973; service was accomplished on defendants: the City of Great Falls and its Commissioners; the Department of Revenue, State of Montana, and its Director; and upon the successful bidder, Acton Construction Company, Inc. of Hugo, Minnesota. Leave to intervene was granted to Acton; a motion to quash was filed by the Department of Revenue; answers were filed by all defendants and intervenor; briefs were filed by all parties; and oral argument was heard at the hearing.

Thereafter this Court by judgment dated November 21, 1973, accepted jurisdiction; held Acton's affidavit of residency insufficient to support the certificate of residency issued by the Department of Revenue and annulled the same; ruled that the parties were free to proceed thereafter in accordance with law; and indicated a written opinion would follow. Subsequently, the City of Great Falls revoked its original award and awarded the contract to petitioner Sletten Construction Company.

The relevant facts indicate the City of Great Falls invited bids on a public works construction contract on improvements to its water treatment plant which was denominated "Contract 2, Water Works Improvements". It received several bids, the two lowest being that of Acton Construction Company, Inc., a foreign corporation of Hugo, Minnesota, in the amount of $1,752,240, and the Sletten Construction Company, a Montana corporation, of Great Falls in the amount of $1,775,000. It is to be noted that Sletten's bid is less than 3% higher than Acton's.

At all material times in 1973 Acton had a Montana contractor's license, but had not initially qualified as a resident contractor under Montana's resident contractor preference law. However in October 1973, Acton filed with the Department of Revenue, State of Montana, an affidavit seeking resident contractor status stating in pertinent part:

> "Affiant states that at all times during 1973 all materials, supplies and equipment offered by Acton Construction Co., Inc. on any Public Works Contracts are produced in Montana by industries located in Montana insofar as such materials, supplies and equipment are available.
>
> "With the exception of selected supervisory personnel Montana labor is exclusively employed on all Public Works Contracts involving Acton Construction Co., Inc. in the State of Montana."

On the basis of this affidavit Acton requested recognition as a resident bidder as of January 9, 1973. The Department of Revenue thereupon issued its certification of Acton as a resident contractor under section 84-1925, R.C.M. 1947.

On November 6, 1973, the City Commission of Great Falls acting on the basis of this certification passed a resolution accepting the bid of Acton and authorized the City Manager to execute the necessary contracts.

Petitioner brought the instant original proceeding in this Court thereafter.

Defendants and intervenor raise the following issues which we will summarize:

(1) The standing of petitioner to maintain this action.

(2) The appropriateness of an original proceeding for writ of mandate as a remedy.

(3) The legality of the actions of the Department of Revenue and the City of Great Falls under Montana's resident contractor preference law.

The Department of Revenue and Acton take the position that Sletten has no standing to challenge the validity of the Department's action by a proceeding seeking judicial review. They cite in

support: State ex rel. Stuewe v. Hindson, 44 Mont. 429, 120 P. 485; Koich v. Cvar, 111 Mont. 463, 110 P.2d 964; Ruidoso State Bank v. Brumlow, 81 N.M. 379, 467 P.2d 395; Baltimore Retail Liquor Package Stores Association v. Kerngood, 171 Md. 426, 189 A. 209, 109 A.L.R. 1253; State ex rel. Rouveyrol v. Donnelly, 365 Mo. 686, 285 S.W.2d 669. In our view all these cases are clearly distinguishable and do not support the proposition that Sletten has no standing in the instant proceeding.

We recognize the broad proposition that an unsuccessful bidder has no standing in mandamus or otherwise to control the discretion of the city council in awarding a contract to the lowest responsible bidder. The relief granted in the instant case does not do this. On the contrary, this Court's judgment of November 21 simply annulled the certificate of residency the Department of Revenue granted Acton, leaving the parties free to proceed in accordance with law. A resident contractor such as Sletten who, in effect, had been denied its statutory preference is an aggrieved party entitled to judicial review. For an example of cases involving judicial review under resident contractor preference statutes at the instance of unsuccessful bidders, see Stebbins & Roberts, Inc., v. Pulaski Glass & Mirror Co., 233 Ark. 449, 345 S.W.2d 912; Schrey v. Allison Steel Mfg. Co., 75 Ariz. 282, 255 P.2d 604.

The Department of Revenue and intervenor next contend that a writ of mandate is not proper in the instant case because it will not lie to control discretionary acts; the contract award has already been made; and administrative remedies within the Department of Revenue have not been exhausted.

In this case the judgment of November 21 did not attempt to control any discretionary acts of public agencies but simply cancelled and annulled a certificate of residency granted a Minnesota contractor by the Department of Revenue upon which the city relied in making the contract award. As this certificate of residency was invalid, we simply annulled it and left the parties in their original position.

- 4 -

We recognize the general principle that ordinarily administrative remedies must be exhausted before applying for judicial review. However, this principle has no application to the instant case. Sletten was not a party to the administrative proceedings awarding the certificate of residency to Acton, had no notice thereof, and could hardly be said to have an administrative remedy under such circumstances.

The principal issue is the legality of the certificate of residency issued by the Department of Revenue to Acton upon which the City relied in its original contract award.

Section 82-1924, R.C.M. 1947, grants a preference to resident contractors over non-resident contractors in bidding on public contracts, providing in relevant part:

> "In order to provide for an orderly administration of the business of the state of Montana in awarding contracts for materials, supplies, equipment, construction, repair and public works of all kinds, it shall be the duty of each board, commission, officer or individual charged by law with the responsibility for the execution of the contract on behalf of the state, board, commission, political subdivision, agency, school district or a public corporation of the state of Montana, to award such contract to the lowest responsible bidder who is a resident of the state of Montana and whose bid is not more than three per cent (3%) higher than that of the lowest responsible bidder who is a nonresident of this state. In awarding contracts for purchase of products, materials, supplies or equipment such board, commission, officer or individual shall award the contract to any such resident whose offered materials, supplies or equipment are manufactured or produced in this state by Montana industry and labor and whose bid is not more than three per cent (3%) higher than that of the lowest responsible resident bidder whose offered materials, supplies or equipment are not so manufactured or produced, provided that such products, materials, supplies and equipment are comparable in quality and performance. * * *"

Section 82-1925, R.C.M. 1947, provides who shall be deemed resident contractors, the pertinent part of which provides:

> "For the purpose of this act the word 'resident' shall include * * * any individual, partnership or corporation, foreign or domestic and regardless of ownership thereof, whose offered materials, supplies or equipment are manufactured or produced in this state by industry located in Montana and Montana labor shall be deemed to be a resident for the purpose of this act."

- 5 -

Section 82-1925.1, R.C.M. 1947, grants authority to the Department of Revenue to make the initial determination of resident contractor status:

"It shall be the duty of the state department of revenue of the state of Montana, at the time that a public contractor makes application for a license under the provisions of chapter 35, Title 84 of this code, to determine whether or not such contractor is a 'resident' of the state of Montana within the meaning of sections 82-1924 and 82-1925. The department shall endorse upon the contractor's license whether or not such contractor is a 'resident' as aforesaid. If a contractor is not a 'resident' at the time such license is issued, but thereafter qualifies as such, he may apply to the department of revenue for a redetermination of his residency, and, if found to qualify as a 'resident,' the department shall endorse such fact upon his license, together with the date of such qualification. It shall be the duty of the state department of revenue, upon written request of any board, commission, officer or individual charged by law with the responsibility for the execution of any contract subject to the provisions of section 82-1924 on behalf of the state, board, commission, political subdivision, agency, school district or public corporation of the state of Montana, to furnish a list of contractors who have qualified as 'residents,' as aforesaid, to such requesting body. The determination of the department of revenue that a public contractor is or is not a 'resident' within the meaning of sections 82-1924 and 82-1925 shall be prima facie evidence of such fact."

On January 9, 1973, the Department of Revenue issued a public contractor's license to Acton. No determination of residency was made until October 23, 1973, when the Department of Revenue issued a certificate of residency based upon the affidavit of Acton, heretofore quoted, to the effect that it would use Montana products and materials insofar as they are available and would use Montana labor except for selected supervisory personnel.

All other questions aside, the affidavit of Acton simply does not conform to the statutory criteria authorizing the Department of Revenue to certify Acton as a resident contractor. Acton is a foreign corporation. The only way it can qualify as a resident contractor is to offer materials, supplies or equipment "manufactured or produced in this state by industry located in Montana and Montana labor". Its affidavit falls far short of establishing this. Acton states it will use Montana products and

- 6 -

materials "insofar as they are available". Who determines their availability? What does available mean? Acton states that it will use Montana labor "except for selected supervisory personnel". What supervisory personnel? Who selects those to be exempted? How many employees are involved in the exception? Although the affidavit must be interpreted reasonably, there are too many loopholes to insure that the purpose of the resident contractor preference law will be fulfilled. If the affidavit here was sufficient to clothe Acton with resident contractor status, any foreign corporation or non-resident contractor could qualify for the preference and the law would be meaningless.

For these reasons, our judgment of November 21 annulling and setting aside the certificate of residency and freeing the parties to proceed thereafter in accordance with law was issued. Thereafter a petition for rehearing was filed by Acton and objections thereto filed by Sletten. After consideration of same, the petition for rehearing is denied.

-------------------------

Mr. Justice Wesley Castles took no part in the foregoing Opinion.