No. 02-321

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 322

ROBERT D. HICKEY and PAMELA N. HICKEY,
d/b/a BAKER BUS SERVICE,

      Plaintiffs and Appellants,

    v.

BAKER SCHOOL DISTRICT NO. 12, JOHN GEVING,
GENE F. KOPPINGER and SPARTAN BUS LINE, L.L.C.,

      Defendants and Respondents.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                 In and for the County of Fallon,
                 The Honorable Joe L. Hegel, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

      John Frohnmayer, Attorney at Law, Bozeman, Montana

      For Respondents:

      Justin Starin, Debra A. Silk, Montana School Boards Association, Helena,
      Montana (Baker School District No. 12)

      Albert R. Batterman, Mackoff Kellogg Law Firm, Baker, Montana (Geving
      and Spartan Bus Line, L.L.C.)

      R. W. Heineman, Attorney at Law, Wibaux, Montana (Koppinger)

               Submitted on Briefs:  September 5, 2002

                     Decided:  December 19, 2002

Filed:

_____
                  Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1    The Plaintiffs, Robert D. and Pamela N. Hickey, doing business as Baker Bus Service, filed a complaint in the District Court for the Sixteenth Judicial District in Fallon County, in which they alleged that the Defendant, Baker School District No. 12, was required to accept Baker's low bid on a bus transportation contract. The complaint also asserted that the District's bus transportation contract with Defendants John Geving and Gene Koppinger was illegal. Baker later filed a motion for leave to file an amended complaint, which the District Court granted. Baker then filed a motion for leave to file a second amended complaint, which the District Court denied. The District Court also denied Baker's motion for partial summary judgment. The District Court granted summary judgment motions made by both Koppinger and the District, and dismissed the case with prejudice. Baker appeals the District Court's summary judgment order, as well as the District Court's denial of its motion to file a second amended complaint. We affirm the judgment of the District Court.

¶2    We restate the issues on appeal as follows:

¶3    1. Did the District Court err when it granted the District's motion for summary judgment?

¶4    2. Is the contract between the District and Spartan void because of statutory violations?

¶5    3. Did the District Court abuse its discretion when it denied Baker's motion for leave to file a second amended complaint?

## FACTUAL BACKGROUND

¶6    For approximately twenty-four years, Baker provided bus transportation to the

2

District.  However, on May 10, 2001, the District's Board of Trustees elected to accept bids for its bus transportation contract, rather then to simply renew Baker's contract for another year.  At the time of the Board's decision to accept bids, several board members were aware that board member John Geving intended to submit a bid.  Geving recused himself from all discussions which pertained to the bus transportation contract, and resigned from his position on the Board on May 10, 2001.

¶7      The Board solicited bids by newspaper advertisement between May 18, 2001, and June 1, 2001.  Only two bids were received, one from Baker, and the other from Geving and his business partner Gene Koppinger.  Baker's bid was lower than Geving and Koppinger's bid.  In June of 2001, the Board met several times to discuss the bus transportation contract.  Finally, on June 18, 2001, the Board unanimously voted to reject Baker's bid because the Board did not feel that Baker was a "responsible" bidder.

¶8      The Board accepted Geving and Koppinger's bid on June 18, 2001.  The contract between Geving and Koppinger and the District listed the contractor as Spartan Bus Line.  Geving and Koppinger created Respondent Spartan Bus Line, L.L.C., on June 22, 2001.  Geving and Koppinger transferred the bus transportation contract over to Spartan upon Spartan's registration with the Montana Secretary of State.

¶9      On November 28, 2001, Baker filed a complaint, which named the District, as well as Geving and Koppinger, as defendants.  The complaint alleged that the District was required to accept Baker's low bid and that the District's contract with Geving and Koppinger was illegal.  Koppinger filed a motion to dismiss Baker's complaint on December 14, 2001, and Geving filed a motion to dismiss Baker's complaint on December 17, 2001.  The District

3

then filed a motion to dismiss Baker's complaint on December 26, 2001.

¶10   On January 2, 2002, Baker filed a motion for leave to file an amended complaint adding Spartan as a defendant, and filed a motion for partial summary judgment. On January 18, 2002, the District responded by filing a motion for summary judgment. The District Court granted Baker's motion for leave to file an amended complaint on January 23, 2002, and Baker filed its amended complaint that same day.

¶11   Baker then realized that both its original complaint, as well as its amended complaint, failed to specifically allege that owners Robert and Pamela Hickey were taxpayers in Fallon County, and moved to file a second amended complaint to address this omission on February 1, 2002. On February 28, 2002, Koppinger filed a motion for summary judgment. The District Court conducted a hearing to consider all pending motions on March 22, 2002. On April 3, 2002, the District Court issued an Order, in which it denied Baker's motion for leave to file a second amended complaint, denied Baker's motion for partial summary judgment, granted the summary judgment motions made by Koppinger and the District, and dismissed the case with prejudice.

## STANDARD OF REVIEW

¶12   We review a district court's decision regarding a motion to amend a complaint for abuse of discretion. *Lindey's v. Professional Consultants* (1990), 244 Mont. 238, 242, 797 P.2d 920, 923. Our review of a district court's grant or denial of a motion for summary judgment is *de novo*. *Casiano v. Greenway Enterprises, Inc.*, 2002 MT 93, ¶ 13, 309 Mont. 358, ¶ 13, 47 P.3d 432, ¶ 13. Therefore, we apply the same Rule 56, M.R.Civ.P., criteria as applied by the district court. *Casiano*, ¶ 13. Pursuant to Rule 56, M.R.Civ.P.:

4

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

*Casiano*, ¶ 13.

## DISCUSSION

## ISSUE 1

¶13 Did the District Court err when it granted the District's motion for summary judgment?

¶14 Although the District's motion for summary judgment was filed before Baker filed its first amended complaint, the District Court analyzed the District's motion with regard to Baker's first amended complaint. Therefore, for purposes of appellate review, we will consider the District's motion for summary judgment in the context of that complaint.

¶15 We examined a situation similar to this in *Baker v. State* (1985), 218 Mont. 235, 707 P.2d 20. In *Baker*, the appellant sought to have the construction contract awarded to its competitor declared illegal. The appellant also requested a determination that it was the lowest responsible bidder on the contract. *Baker*, 218 Mont. at 237, 707 P.2d at 22. We analyzed the appellant's claims and noted that: "a party whose offer is not accepted cannot complain or invoke the aid of the courts to compel the board to accept his offer . . . the provision of law *for letting contracts of this character to the lowest bidder is for the benefit of the public, and does not confer any right upon the lowest bidder as such*." *Baker*, 218 Mont. at 239-40, 707 P.2d at 23. We further concluded that the appellant's position as an

5

unsuccessful bidder did not give it standing to bring its claims, because the statutes governing public contracts are designed for the benefit of taxpayers, not unsuccessful bidders. *Baker*, 218 Mont. at 240, 707 P.2d at 23-24.

¶16 In *Debcon, Inc. v. City of Glasgow*, 2001 MT 124, ¶ 44, 305 Mont. 391, ¶ 44, 28 P.3d 478, ¶ 44, this Court synthesized the holdings of *Baker* and other related cases and held that for challenges to the award of a public contract, a claim for relief accrues under the following circumstances:

> (1) the plaintiff must timely assert its claim as an aggrieved taxpayer;
>
> (2) the claim must seek a remedy - such as an injunction, a writ of mandamus, or a declaratory judgment - that will protect the rights of the aggrieved taxpayer from the potential harm that will occur; and
>
> (3) the plaintiff must then show that the process by which the public works contract was awarded resulted from an abuse of discretion - i.e., the municipality's discretionary decision was tainted by an act of bad faith, fraud, corruption, or was otherwise arbitrary in some manner.

¶17 In the instant case, the District Court held that because the claims in Baker's first amended complaint failed to meet any of the *Debcon* requirements, Baker lacked standing to bring its first amended complaint. For example, *Debcon* requires that the plaintiff assert its claim as an aggrieved taxpayer. *Debcon*, ¶ 44. Baker's complaint and first amended complaint do not allege that Baker or the Hickeys were aggrieved taxpayers. Although the second amended complaint alleges taxpayer status, Baker itself concedes on appeal that neither it nor the Hickeys possessed taxpayer status at the time it filed its initial complaint, or at any time thereafter. Therefore, we agree that Baker lacked standing to challenge the contract award based on the first *Debcon* factor.

¶18 In addition, *Debcon* requires that the plaintiff's claim seek a remedy - such as an

6

injunction, a writ of mandamus, or a declaratory judgment - that will protect the rights of the aggrieved taxpayer from the potential harm that will occur. *Debcon*, ¶ 44. In this case, Baker's first amended complaint requested special and consequential damages for: loss of income and profit, loss of use of equipment, costs of relocation, carrying charges on their unused equipment, and loss of equipment and assets. Baker's first amended complaint also requested that the District Court void the contract between Spartan and the District.

¶19 While Baker's request to void the contract between Spartan and the District may be characterized as a request for equitable relief, neither Baker nor the Hickeys are taxpayers in Fallon County. Accordingly, Baker did not bring its complaint as an aggrieved taxpayer seeking protection from harm. Furthermore, Baker's request for special and consequential damages is not an authorized form of relief. This Court noted in *Debcon* that because lost profit damages "benefit only the interest of an individual bidder, an award of damages for lost profits in such instances is contrary to the very public interest that the competitive bidding laws were designed to protect." *Debcon*, ¶ 47. Therefore, the relief requested in Baker's first amended complaint is not recoverable pursuant to *Debcon*.

¶20 Finally, *Debcon* requires that plaintiff prove that the process by which the public works contract was awarded resulted from an abuse of discretion. *Debcon*, ¶ 44. In this case, Baker's first amended complaint includes various allegations of error regarding the District's award of its bus transportation contract to Spartan. However, our foregoing conclusions preclude any review of the merits of Baker's claims, based on lack of standing to assert them. Accordingly, we conclude that the District Court did not err when it granted the District's motion for summary judgment.

¶21    Is the contract between the District and Spartan void because of statutory violations?

¶22    Baker maintains that the District violated the following three statutes when it awarded its bus transportation contract to Spartan: (1) § 18-1-201, MCA (1999), which lists the required procedure for securing a bid; (2) § 20-9-204, MCA (1999), which prohibits conflicts of interest and requires that contracts be awarded to the lowest responsible bidder; and (3) § 20-10-125, MCA (1999), which specifically addresses contracts with private parties for the provision of school bus transportation.  Baker contends that it has standing to contest the contract between Spartan and the District, and cites *State ex rel. Sletten Const. Co. v. City of Great Falls* (1973), 163 Mont. 307, 516 P.2d 1149, and *Oftedal v. State ex rel. Transp. Com'n*, 2002 MT 1, 308 Mont. 50, 40 P.3d 349, as authority.

¶23    Both *Sletten* and *Oftedal* are distinguishable from this case.  In *Sletten*, the City of Great Falls invited bids for a public works construction contract.  The two lowest bids were received from Acton, a foreign corporation based in Minnesota, and Sletten Construction, a Montana corporation.  *Sletten*, 163 Mont. at 309, 516 P.2d at 1150.  The City of Great Falls awarded its contract to Acton.  Sletten challenged the award under the theory that Acton was not properly qualified as a resident contractor.  That is, Sletten asserted that because it was a resident contractor, and Acton was not, Sletten should have been awarded the contract under Montana's resident contractor preference law.  *Sletten*, 163 Mont. at 308-09, 516 P.2d at 1149-50.

¶24    This Court determined that the proper course of action was to annul Acton's certificate of residency.  *Sletten*, 163 Mont. at 308, 516 P.2d at 1150.  We concluded, however, that the

annulment did not grant Sletten standing to control the discretion of the city council in awarding a contract to the lowest responsible bidder. *Sletten*, 163 Mont. at 310, 516 P.2d at 1150-51. Rather, the effect of the annulment was simply to take away Acton's status as a resident contractor. This Court then left the parties free to proceed in accordance with the law. *Sletten*, 163 Mont. at 310, 516 P.2d at 1150-51.

¶25     In the instant case, Baker urges this Court to void the District's contract with Spartan. Baker also asserts that it is entitled to recover personal damages. *Sletten* provides no authority for such a result. This Court's decision in *Sletten* did not give Sletten standing to challenge the City's award of the contract to Acton, nor did it void the City's contract with Acton or award Sletten personal damages. Consequently, Baker's reliance on *Sletten* is misplaced.

¶26     In *Oftedal*, the State Department of Transportation advertised for bids on a highway project. *Oftedal*, ¶ 3. Oftedal and Sons, Inc. submitted the lowest bid. *Oftedal*, ¶ 3. Oftedal, however, made a $789,000 mistake in calculating the amount of its bid, and requested to withdraw the bid. *Oftedal*, ¶¶ 7, 9. The State denied Oftedal's request. *Oftedal*, ¶ 9.

¶27     This Court examined Oftedal's claim in light of § 28-2-1611, MCA, which lists situations in which a written contract may be revised by the court. *Oftedal*, ¶ 13. We concluded that Oftedal's bidding errors did not preclude it from obtaining the equitable relief provided in § 28-2-1611, MCA. *Oftedal*, ¶ 46. Therefore, this Court revised the contract price upward by the amount of $789,000, and ordered that the contract between Oftedal and the State be performed with that revision. *Oftedal*, ¶ 59.

¶28     *Oftedal* provides no authority for the relief requested by Baker in this case. Oftedal

9

and Sons, Inc. was not a disappointed bidder seeking to void a contract between the State and another bidder. Oftedal also requested no personal damages, it merely sought to withdraw its own bid. Further, revision of the contract between Oftedal and the State was done pursuant to the specific authority found at § 28-2-1611, MCA. Accordingly, this Court's decision in *Oftedal* did not overrule the *Baker* and *Debcon* line of cases, it merely recognized statutory authority to revise a contract already awarded.

¶29 As we discussed above, Baker did not have standing to bring its first amended complaint. Our decisions in *Sletten* and *Oftedal* do not provide standing. Therefore, we decline to consider any statutory violations which may have occurred in the contract between Spartan and the District.

## ISSUE 3

¶30 Did the District Court abuse its discretion when it denied Baker's motion for leave to file a second amended complaint?

¶31 Baker appeals the District Court's denial of its motion for leave to file a second amended complaint. The second amended complaint which Baker sought to file included six claims. However, Baker acknowledges that the District Court properly denied its first two claims, since neither it nor owners Robert and Pamela Hickey had taxpayer standing in Fallon County. On appeal, Baker asserts that the District Court abused its discretion when it disallowed the four remaining claims. Baker's four remaining claims were that: (1) its due process rights were violated; (2) it was deprived of rights under color of state law, and therefore entitled to damages pursuant to 42 U.S.C. §§ 1983, 1985; (3) the Respondents interfered with its prospective economic advantage; and (4) the Respondents deprived it of its

10

right to fair competition.

¶32     Rule 15(a), M.R.Civ.P., provides, in pertinent part, that: "A party may amend the party's pleading once as a matter of course . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."   Baker contends that pursuant to Rule 15(a), M.R.Civ.P., the District Court should have granted it leave to amend its complaint.

¶33     However, this Court has previously determined that leave to amend is properly denied when the amendment is futile or legally insufficient to support the requested relief.  *See Hobble-Diamond Cattle v. Triangle Irr.* (1991), 249 Mont. 322, 325, 815 P.2d 1153, 1155, *and Prentice Lumber Company, Inc. v. Hukill* (1972), 161 Mont. 8, 17, 504 P.2d 277, 282. We further held that although the merits of a proposed amended claim are generally not to be considered by the court, the merits of a claim *are* to be considered if the claim is frivolous, meritless, or futile.  *Hobble-Diamond*, 249 Mont. at 326, 815 P.2d at 1156.

¶34     The District Court considered the merits of Baker's second amended complaint and found that it failed to meet the requirements of *Debcon*.  Consequently, the District Court determined that Baker's second amended complaint was futile for the following reasons: (1) Baker and its owners Robert and Pamela Hickey lacked standing as Fallon County taxpayers; (2) Baker's second amended complaint was not timely; and (3) Baker's second amended complaint, which requested special and punitive damages, did not seek relief which would benefit the taxpayers of Fallon County.  We conclude that Baker's second amended complaint simply casts its damage claims prohibited by *Debcon* in another form, and that, therefore, the District Court did not err when it held that Baker lacked standing to bring its

second amended complaint.  Therefore, we hold that because the four remaining claims in Baker's second amended complaint were futile, the District Court did not abuse its discretion when it denied Baker's motion for leave to file a second amended complaint.

¶35     For the foregoing reasons, the judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER