No. 04-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 240

REIER BROADCASTING COMPANY, INC.,

        Plaintiff and Appellant,

   v.

MONTANA STATE UNIVERSITY-BOZEMAN,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                      In and For the County of Gallatin, Cause No. DV 02-420
                      Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                John M. Kauffman; Kasting, Kauffman & Mersen,
                Bozeman, Montana

        For Respondent:

                Leslie Taylor, Montana State University, Bozeman, Montana

Submitted on Briefs:  March 1, 2005

Decided:  September 27, 2005

Filed:

_____
                           Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Reier Broadcasting Company, Inc., (Reier) filed an amended multi-count complaint against Montana State University-Bozeman (MSU) in the Eighteenth Judicial District Court, Gallatin County. The District Court ultimately dismissed the amended complaint and denied Reier's first and second motions to amend the amended complaint. Reier appeals from the denial of its second motion to amend. We affirm.

¶2 The issue is whether the District Court abused its discretion in denying Reier's second motion for leave to amend its amended complaint.

### BACKGROUND

¶3 In July of 2002, Reier filed a three-count complaint in the District Court alleging that MSU had wrongfully failed to award Reier's radio stations a contract for exclusive radio broadcasting rights to MSU athletic events. The following month, Reier filed an amended complaint as a matter of right pursuant to Rule 15(a), M.R.Civ.P. The amended complaint deleted one of the original claims and added a new claim.

¶4 In September of 2002, Reier filed its first motion to amend the amended complaint to add a new tort claim. MSU opposed the motion to amend. It also moved to dismiss the amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Five months later, Reier filed a second motion to amend the amended complaint, requesting leave to add a cause of action for a declaratory judgment that § 18-4-242, MCA, violates Article II, Section 16 of the Montana Constitution, and to seek

2

damages resulting from MSU's negligence and violations of Reier's due process and equal protection rights "in an amount to be proven at trial."

¶5 The District Court subsequently issued an order addressing all three motions. It dismissed Reier's amended complaint and, in particular, dismissed the tort claim for lack of subject matter jurisdiction because the claim had not been first presented to the Montana Department of Administration as required by law. The court then denied Reier's first and second motions to amend the amended complaint. In the latter regard, the District Court concluded an amendment challenging the constitutionality of § 18-4-242, MCA, which limits remedies for illegalities in the solicitation or award of a contract under the Montana Procurement Act, was futile and legally insufficient.

¶6 Reier appeals only from the District Court's denial of its second motion for leave to amend.

## DISCUSSION

¶7 Did the District Court abuse its discretion in denying Reier's second motion for leave to amend?

¶8 A party may amend its pleadings once as a matter of course before a responsive pleading is served. A party may otherwise amend its pleading only by written consent of the adverse party or by leave of court, which must be freely given when justice so requires. Rule 15(a), M.R.Civ.P. We review a district court's denial of a motion to amend a pleading to determine whether the court abused its discretion. *Loomis v. Luraski*, 2001 MT 223, ¶ 24, 306 Mont. 478, ¶ 24, 36 P.3d 862, ¶ 24 (citation omitted). Generally, it is an abuse of

3

discretion to refuse amendments to pleadings offered at a reasonable time and which would further justice; on the other hand, amendments which would result in undue delay or undue prejudice to the opposing party or amendments which would be futile need not be permitted. *See Loomis*, ¶ 41 (citations omitted).

¶9 The District Court stated that Reier's proposed declaratory judgment claim reflected a clear intent to challenge MSU's award of the contract at issue to another bidder on, among other things, negligence grounds, and to seek damages. Section 18-4-242(5), (6), and (7), MCA, establishes the exclusive remedies for violation of the law in the solicitation or award of a public contract: cancellation, revision, ratification and affirmation, or termination of the contract. The court determined Reier's declaratory judgment claim was a "thinly veiled attempt to avoid" § 18-4-242(7), MCA.

¶10 The District Court relied on *Hickey v. Baker School Dist. No. 12*, 2002 MT 322, 313 Mont. 162, 60 P.3d 966, and *Debcon, Inc. v. City of Glasgow*, 2001 MT 124, 305 Mont. 391, 28 P.3d 478, in ruling that Reier's second motion to amend the amended complaint did not state a claim for which relief could be granted and was futile. Reier contends that *Hickey* and *Debcon* are inappropriate bases for the District Court's determination, and we agree.

¶11 The motion to amend denied in *Hickey* would have added four claims against the school district by the plaintiff bus company which had bid--unsuccessfully--on a contract with the district. *Hickey*, ¶ 31. In *Debcon*, the denied motion to amend would have added a claim that the city acted in bad faith in failing to award the plaintiff engineering firm a contract. *Debcon*, ¶ 54. Neither *Hickey* nor *Debcon* involved an effort to assert a

4

constitutional challenge to a statute and, for that reason alone, the cases are readily distinguishable.

¶12 Reier properly advances *Hobble-Diamond Cattle Co. v. Triangle Irr. Co.* (1991), 249 Mont. 322, 325, 815 P.2d 1153, 1155-56, for both the general policy in favor of allowing amendments to pleadings and the propriety of courts addressing the merits of a proposed amendment when the party opposing it contends the amendment is futile. Reier contends that its proposed second amendment to the amended complaint was neither futile nor legally insufficient. Thus, the question before us is whether Reier's proposed second amendment to the amended complaint, to add a claim for declaratory judgment that § 18-4-242, MCA, is unconstitutional, would have been futile or legally insufficient. On this record, we conclude the answer is "yes."

¶13 Here, the District Court dismissed Reier's amended complaint and denied its first motion to amend to add another tort claim. With regard to the asserted tort claims, they had not been presented as required by the Montana Tort Claims Act, §§ 2-9-301 through -318, MCA, and, as a result, the court lacked jurisdiction to address them. Reier does not appeal from that determination, thereby conceding that those potential remedies became unavailable by virtue of its own inaction.

¶14 Reier's attempted constitutional challenge to § 18-4-242, MCA, is advanced on the theory that the existence of the statute results in a lack of remedy for its alleged damages. We agree the statute does not provide for the remedy of monetary damages; it does provide a remedy. Moreover, on this record, and as set forth in the District Court's unchallenged

5

dismissal of Reier's tort claims, the threshold reason damage remedies were not available to Reier is because Reier's claims were not presented as required for tort claims against the state or a political subdivision thereof pursuant to § 2-9-301(2), MCA. Thus, allowing amendment of the complaint to add a constitutional challenge to § 18-4-242, MCA, would have been futile because, even absent § 18-4-242, MCA, Reier had failed to take the steps necessary under § 2-9-301(2), MCA, to preserve its tort claims.

¶15 On the somewhat unique procedural facts of this case, we cannot conclude that the District Court abused its discretion in denying Reier's second motion to amend its amended complaint after dismissing the amended complaint. The interests of justice do not require that the motion be granted and, on this record, the amendment would have been futile.

¶16 Affirmed.

_____
Chief Justice

We concur:


_____


_____


_____
Justices

6