FILED

08/23/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0086

DA 16-0086

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 208N

STATE OF MONTANA, *ex rel*., DAN SKATTUM,

      Plaintiff and Appellant,

    v.

JONATHAN MOTL, Montana Commissioner of
Political Practices; M + R STRAGEGIC SERVICES;
and C.B. PEARSON, Individually and as an
agent of M + R STRATEGIC SERVICES,

      Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District, In and For the County of Lewis and Clark, Cause No. ADV 14-739 Honorable Mike Menahan, Presiding Judge |

COUNSEL OF RECORD:

    For Appellant:

        Michael P. Sinks, Wittich Ogburn, P.C., Bozeman, Montana

        Chris J. Gallus, Attorney at Law, Helena, Montana

    For Appellees:

        Jaime MacNaughton, Office of the Commissioner of Political Practices, Helena, Montana

Submitted on Briefs: July 27, 2016

Decided: August 23, 2016

Filed:

                                  Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This appeal arises from the District Court's denial of Dan Skattum's (Skattum) motion to amend his complaint. Skattum argues the District Court applied the wrong standard when it denied the motion to amend, and under the correct standard, the motion should have been granted.

¶3 A district court's ruling on a motion to amend the pleadings is reviewed for an abuse of discretion. *Stipe v. First Interstate Bank-Polson*, 2008 MT 239, ¶ 10, 344 Mont. 435, 188 P.3d 1063. A party may amend its pleadings only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. M. R. Civ. P. 15(a)(2). "[T]his Court has previously determined that leave to amend is properly denied when the amendment is futile or legally insufficient to support the requested relief." *Hickey v. Baker School Dist. No. 12, et al.*, 2002 MT 322, ¶ 33, 313 Mont. 162, 60 P.3d 966 (citation omitted). "[A]lthough the merits of a proposed amended claim are generally not to be considered by the court, the merits of a claim *are* to be considered if the claim is frivolous, meritless, or futile." *Hickey*, ¶ 33.

2

¶4     Jonathan Motl (Motl) is the Montana Commissioner of Political Practices (COPP). The COPP is authorized to investigate violations of Montana's election laws and, in conjunction with county attorneys, is responsible for enforcing those elections laws. Sections 13-37-111 through -124, MCA. M+R Strategic Services, Inc. (M+R) is a New York corporation licensed to do business in Montana. C.B. Pearson (Pearson) is the senior vice president of M+R. Pearson provides expert services to M+R's clients, including expert opinion and testimony on campaign issues related to direct mailing and voter persuasion.

¶5     At issue in this case are two contracts for services between the COPP and M+R. Under the first contract (2013 Contract), M+R agreed to provide expert witness services at a rate of $125 per hour, not to exceed a total of $5,000. M+R submitted invoices under the 2013 Contract totaling $4,500. Under the second contract (2014 Contract), M+R agreed to provide expert witness services at a rate of $200 per hour for depositions, testimony, and trial testimony, and $125 per hour for all other services. The total payment allowed under the 2014 Contract was capped at $6,000. Under the 2014 Contract, M+R submitted invoices totaling $12,770.49.

¶6     In his original complaint, Skattum sued the Defendants, alleging violations of the Montana False Claims Act. Skattum alleged M+R did not perform the work billed under the 2013 Contract. The Defendants moved for summary judgment on the issue. Before the District Court ruled on summary judgment, Skattum sought to amend his complaint to include allegations that the invoices submitted under the 2014 Contract constituted false

3

claims because they exceeded the total amount permissible under the 2014 Contract. The District Court issued an order granting summary judgment to the Defendants for claims under the 2013 Contract, and denying Skattum's motion to amend the complaint to include claims under the 2014 Contract. Skattum appeals only the District Court's denial of the motion to amend, arguing the District Court erred when it looked to the merits of amended complaint.

¶7      A person is liable to a government entity if he or she "knowingly presents or causes to be presented a false or fraudulent claim for payment or approval[.]" Section 17-8-403(1)(a), MCA. In its order denying the motion to amend, the District Court noted there was no specific allegation that M+R had not performed the work it submitted invoices for under the 2014 Contract. The District Court further noted all evidence indicated M+R performed the work for which they billed and were paid. The District Court concluded that Skattum's motion to amend was futile because there was a complete absence of any evidence indicating M+R had presented a false claim for payment.

¶8      The District Court did not abuse its discretion when it examined the merits of Skattum's proposed amended complaint. "[T]he merits of a claim *are* to be considered if the claim is frivolous, meritless, or futile." *Hickey*, ¶ 33. Skattum offered no evidence, however speculative, of a violation of the Montana False Claims Act. As such, the District Court properly concluded any such amendment would be frivolous, meritless, or futile.

4

¶9      We have determined to decide this case pursuant to Section 1, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions.    This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶10     Affirmed.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT