FILED

10/04/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0697

DA 15-0697

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 248N

DONALD K. KLEPPER, KAREN H. HAGGLUND,
and DENNIS R. ELLIOTT,

        Plaintiffs and Appellants,

    v.

STATE OF MONTANA, and the MONTANA
DEPARTMENT OF TRANSPORTATION,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DV 12-1107
                    Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Donald K. Klepper (Self-Represented), Missoula, Montana

                Karen H. Hagglund (Self-Represented), Missoula, Montana

                Dennis R. Elliott (Self-Represented), Missoula, Montana

        For Appellees:

                Mark S. Williams, Susan Moriarity Miltko, Williams Law Firm, P.C.,
                Missoula, Montana

                      Submitted on Briefs: August 3, 2016

                            Decided: October 4, 2016

Filed:

                                          _____
                                                Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Donald K. Klepper, Karen H. Hagglund, and Dennis R. Elliot (collectively Plaintiffs) appeal multiple rulings by the Fourth Judicial District Court, Missoula County, in favor of the Montana Department of Transportation (MDOT or the Department). We affirm.

¶3 In 2004, MDOT began reconstruction of Highway 93. To accommodate the construction of the wider roadway, MDOT entered into right-of-way agreements with adjacent landowners Klepper and Hagglund on June 25, 2004, and with Elliot on July 25, 2007. In March 2009, reconstruction excavation caused water runoff to flow onto Klepper and Hagglund's land and sediment to enter Elliot's water system. On September 27, 2012, Klepper, Hagglund, and Elliot filed a complaint alleging negligence *per se*, breach of contract, and violations of Article II, Sections 3 and 17 of the Montana Constitution, and requesting compensatory, punitive, and exemplary damages. The State generally denied the Plaintiffs' allegations.

¶4 On August 20, 2013, MDOT moved for partial summary judgment on the Plaintiffs' constitutional claims and Elliot's tort and contract claims. The Department

argued that because the Plaintiffs' tort and contract claims could entitle them to complete relief and because they claimed no separate or distinct constitutional damages, their constitutional claims could not stand as a matter of law. MDOT further argued that Elliot's tort claims were barred by the statute of limitations. Lastly, the Department claimed Elliot had no third-party beneficiary rights under the construction permit issued to MDOT by the U.S. Army Corps of Engineers (USACE), nor did MDOT orally contract with Elliot with respect to his water system. MDOT also filed motions *in limine*, asking the District Court to, among other things, preclude Klepper from offering testimony on the Plaintiffs' restoration damages and contract claims.

¶5 On December 30, 2013, the District Court granted MDOT summary judgment on the Plaintiffs' constitutional claims and partial summary judgment on Elliot's tort and contract claims. The court dismissed the constitutional claims, determining that no separate and distinct constitutional claims existed. It also dismissed Elliot's tort claims, finding that his property damage and negligence claims were barred by Montana's statute of limitations after March of 2011 and 2012, respectively. The court dismissed Elliot's USACE contract claim, finding that he was not a third-party beneficiary under the MDOT-USACE construction permit. However, the court found a genuine issue of material fact as to whether an oral contract existed between MDOT and Elliot.

¶6 On February 7, 2014, the District Court granted MDOT's motions *in limine*. The court precluded Klepper from offering his own personal expert testimony on the Plaintiffs' restoration damage claims because Klepper refused to disclose the basis for his

opinions during his deposition testimony. The court also prohibited Klepper from testifying on questions of law relating to the Plaintiffs' contract claims.

¶7 On December 29, 2014, the parties submitted their proposed jury instructions and special verdict form to the District Court. The court settled instructions on February 5, 2015, noting that the Plaintiffs raised no objections to the instructions. On September 1, 2015, the Plaintiffs attempted to submit new jury instructions. The court refused to re-open jury instructions and informed the parties that the special verdict form would be addressed following trial.

¶8 On September 16, 2015, the Plaintiffs moved for leave to amend their complaint, seeking to conduct additional discovery and expert analysis. The District Court denied the motion on the grounds that the Plaintiffs failed to provide good cause for such an amendment.

¶9 The District Court conducted a trial in October 2015. The Plaintiffs initially requested an annoyance and discomfort interrogatory in the special verdict form, but subsequently elected to argue the issue instead. On October 26, 2015, the jury returned a special verdict in favor of MDOT on all issues. The Plaintiffs filed a timely appeal.

¶10 We review a district court's grant of summary judgment de novo, applying the same criteria of M. R. Civ. P. 56 as the district court. *Pilgeram v. GreenPoint Mortg. Funding, Inc.*, 2013 MT 354, ¶ 9, 373 Mont. 1, 313 P.3d 839. We review a district court's conclusions of law to determine whether they are correct and its findings of fact to determine whether they are clearly erroneous. *Pilgeram*, ¶ 9. Under Rule 56(c), summary judgment will be granted if the moving party can show there is no genuine

issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200.

¶11 We review a district court's evidentiary rulings, jury instruction decisions, and denial of a motion for leave to amend a complaint for abuse of discretion. *Beehler v. E. Radiological Assocs., P.C.*, 2012 MT 260, ¶ 17, 367 Mont. 21, 289 P.3d 131 (evidentiary rulings); *Goles v. Neumman*, 2011 MT 11, ¶ 9, 359 Mont. 132, 247 P.3d 1089 (jury instructions); *Hickey v. Baker Sch. Dist. No. 12*, 2002 MT 322, ¶ 12, 313 Mont. 162, 60 P.3d 966 (amended complaints).

¶12 On appeal, Plaintiffs contend that the District Court erred in dismissing their constitutional claims. A constitutional tort can only be supported if no other adequate remedy exists under Montana's statutory and common law. *Sunburst Sch. Dist. No. 2 v. Texaco, Inc.*, 2007 MT 183, ¶ 64, 338 Mont. 259, 165 P.3d 1079. In this case, the Plaintiffs had the opportunity for complete relief under their tort and contract claims. Thus, the District Court properly granted summary judgment on the Plaintiffs' constitutional claims.

¶13 Elliot contends that the District Court erred in determining the statute of limitations period for his tort claim. Under §§ 27-2-204 and -207, MCA, Elliot had three years to commence his negligence claim and two years to commence his property damage claim. The record shows that his cause of action accrued in March of 2009, when sediment began to enter his water system, but that he did not file his complaint until September 27, 2012. Elliot also attempts to argue the continuing tort doctrine for the first time on appeal; however, "[i]t is well established that this Court will not review an issue

that was not raised in the district court." *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 37, 321 Mont. 364, 91 P.3d 569.

¶14 Elliot also argues that the District Court improperly dismissed his contract claim upon finding that the USACE permit failed to identify him as a third-party beneficiary. However, the USACE-MDOT permit, on its face, does not contain any language that can lead this Court to conclude that the agencies intended Elliot to be a third-party beneficiary. *See Dick Anderson Const., Inc. v. Monroe Const. Co.*, 2009 MT 416, ¶ 46, 353 Mont. 534, 221 P.3d 675; *Williamson v. Mont. Pub. Serv. Comm'n*, 2012 MT 32, ¶ 40, 364 Mont. 128, 272 P.3d 71. Accordingly, the District Court properly granted partial summary judgment on Elliot's tort and contract claims.

¶15 Plaintiffs further argue that the District Court improperly excluded Klepper's proposed expert testimony on Plaintiffs' restoration damage claim and his interpretation of the contracts between Plaintiffs and MDOT. With respect to the restoration damage claim testimony, the District Court excluded Klepper as an expert witness after reviewing his deposition testimony and finding that he refused to disclose the basis for his opinions. At the same time, the court gave the Plaintiffs an opportunity to offer lay testimony on the issue upon an offer of proof to the court that expert testimony was not required. Plaintiffs failed to do so and thus waived their opportunity to present this evidence at trial. Plaintiffs also argue that the court improperly precluded Klepper from offering opinions interpreting the contracts involved in this case. We have held that expert witnesses may not offer testimony on an ultimate legal issue and that "[t]he interpretation and construction of a contract is a question of law" for a court to determine. *Krajacich v.*

6

*Great Falls Clinic, LLP*, 2012 MT 82, ¶ 13, 364 Mont. 455, 276 P.3d 922; *see Heltborg v. Modern Mach.*, 244 Mont. 24, 29-31, 795 P.2d 954, 957 (1990). As such, we conclude that the District Court did not abuse its discretion when it excluded testimony that would have, in effect, instructed the jury on how to decide the contract interpretation questions at issue here. Thus, upon review of the record, we conclude that the District Court did not abuse its discretion in granting MDOT's motions *in limine*.

¶16 Plaintiffs argue that the District Court erred in denying their motion for leave to amend their complaint, claiming they met the good cause standard because they discovered scientifically significant new evidence. A trial court acts within its discretion in denying such a motion if undue delay or prejudice to a party would result, or if the motion is made in bad faith or is based upon a dilatory motive. *Bitterroot Int'l. Sys. v. W. Star Trucks, Inc.*, 2007 MT 48, ¶ 50, 336 Mont. 145, 153 P.3d 627. The court found that granting the motion so close to trial would unduly prejudice MDOT and that Plaintiff's failure to disclose part of the evidence to MDOT was an unacceptable litigation tactic. We conclude the District Court did not abuse its discretion in denying Plaintiff's motion.

¶17 Finally, Plaintiffs contend that the District Court abused its discretion by refusing to instruct the jury on Klepper and Hagglund's annoyance and discomfort claims and by not including such claims in the special verdict form. However, the Plaintiffs' original proposed instructions did not include an instruction for annoyance and discomfort, nor did Plaintiffs object to the State's proposed instructions during pretrial proceedings. It is well-established that "[w]e will not put a district court in error for a ruling or procedure in

which the appellant acquiesced, participated, or to which the appellant made no objection." *In re Caras*, 2012 MT 25, ¶ 22, 364 Mont. 32, 270 P.3d 48. Additionally, while the Plaintiffs attempted to re-submit new jury instructions after the trial date was set, the District Court found the prior agreed upon instructions to be binding on the parties and the law of the case. As for the special verdict form, the record shows that Klepper acquiesced to the exclusion of the annoyance and discomfort interrogatory at the close of trial. Thus, we cannot conclude that the District Court abused its discretion in settling the jury instructions or the special verdict form.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA